JEREMIAH COSTIGAN, JR. *vs.* WARREN, BROOKFIELD, AND SPENCER STREET RAILWAY COMPANY.

Worcester. October 4, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Personal Injuries — Declaration — Allegation of Negligence.*

A declaration in an action of tort for personal injuries, which, after alleging that the plaintiff on a day named was a passenger of the defendant's railway, avers, "and that while on said car and while in the exercise of due care, owing to the negligence of the defendant corporation, its servants and agents, said car came in jeopardy of being run into by another car coming in the opposite direction on the same track and belonging to said defendant corporation, and that by reason of this position of both cars, the car on which the plaintiff was riding was stopped so negligently and so suddenly that the plaintiff, as a result thereof, was thrown from the car to the ground," and injured, contains two distinct averments of negligence: one, the allowing of two cars to be brought into a dangerous position; the other, the sudden stopping of one of them.

TORT, for personal injuries occasioned to the plaintiff while a passenger on a street car of the defendant. At the trial in the Superior Court, before *Hopkins,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*W. S. B. Hopkins & F. B. Smith,* (*W. S. B. Hopkins, Jr.* with them,) for the plaintiff.

*J. R. Thayer & A. P. Rugg,* for the defendant.

LATHROP, J. It appeared in evidence that the road was a single track road with turnouts; that the car on which the plaintiff was riding, after waiting on a turnout twelve or thirteen minutes, proceeded, and while going round a curve at a high rate of speed, a car approaching was seen; the car on

which the plaintiff was riding was reversed, and the plaintiff was thrown to the ground, as he testified, or, as other witnesses testified, he jumped. There was also evidence put in, without objection, of a rule of the defendant company as follows: " In case of a car running on another car's time, when a curve is reached the conductor must go ahead of the car to ascertain if the other car is in sight "; and that this rule was not complied with.

The only exception to which we need direct our attention is that portion of the judge's charge which discusses the declaration. The judge instructed the jury that it was not alleged, and that the plaintiff did not claim in his declaration, that there was any negligence on the part of the defendant in bringing the car into jeopardy of being run into by another car coming from another direction; that there was no allegation that there was any negligence in the defendant bringing the cars into jeopardy; so that the facts whether the car was running at a great rate of speed, whether it came round a curve without a man in advance, whether it left the side track, or turned out too soon or too late, were not relied on; and that the only thing relied on was the negligent stopping of the car.

We do not agree with this interpretation. The declaration, after alleging that the plaintiff on a day named was a passenger of the defendant's railway, proceeds as follows: " And that while on said car and while in the exercise of due care, owing to the negligence of the defendant corporation, its servants and agents, said car came in jeopardy of being run into by another car coming in the opposite direction on the same track and belonging to said defendant corporation, and that by reason of this position of both cars, the car on which the plaintiff was riding was stopped so negligently and so suddenly that the plaintiff, as a result thereof, was thrown from the car to the ground," and injured.

We are of opinion that there are two distinct averments of negligence: one, the allowing of two cars to be brought into a dangerous position; the other, the sudden stopping of one of them. The negligent bringing of the car into jeopardy as alleged was material to the determination whether the sudden stopping was negligent or proper.

*Exceptions sustained.*