| 87  367 |
| s186s336 |

## William B. Hewitt v. The People, etc.

1. INTOXICATING LIQUORS—*Cider.*—The question as to whether cider is an intoxicating liquor depends upon circumstances, and is a question of fact for the jury.

2. SAME—*Sale of Cider Under the Act of 1872.*—The protection intended by the act of 1872, entitled, "An act for the protection of farmers, fruit growers, vine growers and gardeners," is limited to farmers, fruit growers, vine growers and gardeners selling their products as such, and not intended to protect retail merchants, grocers, or keepers of drinking establishments in the sale of products which the ordinary vender must have a license to sell.

3. SAME—*Defined.*—"Intoxicating liquor," as used in the second section of the dram-shop act, means liquor that will intoxicate, whether hard cider, whisky, or beer, and if, in any case, the proof shows that the liquor sold was intoxicating, the seller comes within the spirit and letter of the act.

4. STATUTES—*Construction of the Act of January 13, 1872.*—The act of January 13, 1872, entitled "An act for the protection of farmers, fruit growers, vine growers and gardeners," does not authorize a farmer or fruit grower to sell any kind of intoxicating liquor, although sold by him as a farmer or fruit grower.

**Indictment for Selling Cider.**—Error to the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

TIPTON & TIPTON, attorneys for plaintiff in error; CHARLES L. CAPEN, of counsel.

EDWARD C. AKIN, Attorney-General, and ROBERT L. FLEMING, State's Attorney, for defendants in error; O. R. TROWBRIDGE and J. A. BOHRER, of counsel.

MR. JUSTICE HARKER delivered the opinion of the court.

The plaintiff in error was indicted and tried in the Circuit Court for selling intoxicating liquor without a license in violation of the dram-shop act. He was found guilty on each of the thirty-eight counts contained in the indictment and fined $760.

The evidence heard upon the trial shows that the plaintiff in error, who is a coal mine owner and operator at Chenoa, Illinois, owns a farm in Livingston county, on which there is an orchard. In the fall of 1896, and fall of 1897, he manufactured from his apples large quantities of cider, which he sold in Chenoa by the barrel, by the gallon and by the drink. To prevent fermentation he put salycilic acid in each barrel, which, as he testified, prevented the cider from becoming intoxicating. That he sold a great deal of it at his place of business by retail, is not disputed; but it is claimed that being neither spirituous, vinous nor malt liquor, and being a product of his own orchard, he was authorized to sell it without a license by an act of the legislature, approved January 13, 1872, entitled "An act for the protection of farmers, fruit growers, vine growers and gardeners."

It is also claimed that the cider was not intoxicating.

To the contention that there was reversible error in the refusal of the court to grant a continuance on account of the inability of one of the attorneys of plaintiff in error, Charles L. Chapin, to attend the trial, it is sufficient to say that at the time of applying for a continuance, which was some ten days before the date of the trial, he had another able attorney retained and had ample opportunity to retain additional counsel after being informed by Mr. Chapin of an engagement in the Appellate Court that would prevent his being present.

As to the contention that the cider sold was not intoxicating, we only care to say that there were a, number of witnesses who testified to drinking it frequently and that it was intoxicating. Quite a number who had drunk it testified that it was not; but in the conflict, it was the peculiar province of the jury to find the fact.

Complaint is made that the court, against objection, allowed the prosecution to prove a larger number of sales than there were counts in the indictment. By not limiting the prosecution to prove the thirty-eight counts contained in the indictment, it is urged the plaintiff in error was

Hewitt v. The People.

greatly embarrassed in contesting the question of the intoxicating effects of the cider sold. As we look at the proofs in the record we can readily appreciate the embarrassment under which the plaintiff in error and his counsel labored before the jury; but this is the first time we have heard it urged upon a court of review that a judgment of conviction should be reversed because the prosecution made the proof of guilt too abundant. Although the jury was limited to a finding of guilty as to thirty-eight sales, the law did not limit the State's attorney to proof of thirty-eight or any number of sales.

The act under which it is contended the plaintiff in error was authorized to sell the cider without a license reads as follows:

"Be it enacted by the people of the State of Illinois, represented in the general assembly, that every farmer, fruit and vine grower, and gardener, shall have an undisputed right to sell the produce of his farm, orchard, vineyard and garden in any place or market where such articles are usually sold, and in any quantity he may think proper, without paying any State, county or city tax or license for doing so, any law, city or town ordinance to the contrary notwithstanding; provided, that the corporation authorities of any such city, town or village may prohibit the obstruction of its streets, alleys and public places for any such purpose. And, provided further, that nothing in this act shall be so construed as to authorize the sale of spirituous, vinous or malt liquors, contrary to laws which now are or hereafter may be in force prohibiting the sale thereof."

Authorities are cited holding that cider is not a spirituous, vinous or malt liquor. Wherefore, it is argued, the statute quoted applies and protects plaintiff in error in the sale of cider made by him from apples grown by him on his own farm. It is apparent to our minds that the protection intended by the act is limited to farmers, fruit growers, vine growers, and gardeners selling their products as farmers, fruit growers, vine growers and gardeners. It was not intended to protect a retail merchant, grocer, or keeper of a drinking establishment in the sale of products

which the ordinary vender must have a license to sell, simply because he produced them from his own farm, orchard, or vineyard. The sales of cider in question were made by plaintiff in error as a retail vender, from his place of business in Chenoa. Nor do we think the act authorizes a farmer or fruit grower to sell any kind of intoxicating liquor even when sold by him as a farmer or fruit grower. Section one of the dram-shop act defines a dram-shop to be a place where spirituous, vinous or malt liquors are retailed by less quantity than one gallon, and section two of that act, the one under which plaintiff in error was indicted, provides that whoever, not having a license to keep a dram-shop, shall sell any intoxicating liquor in less quantity than a gallon shall be fined, etc. The dram-shop act was passed two years after the act relating to marketing farm, orchard and vineyard products was passed. In considering the two acts together, the contention of plaintiff in error involves the construction that no liquors are intoxicating, within the meaning of the acts, except such as are either spirituous, vinous or malt. In other words, the farmer or fruit grower, without license, may sell in any quantity intoxicating hard cider and cause drunkenness *ad libitum* without being amenable to the provisions of the dram-shop act. In our opinion such construction would grossly violate the legislative intent. "Any intoxicating liquor," as used in the second section of the dram-shop act, means liquor that will intoxicate, whether it be hard cider, whisky, or beer; and if, in any case, the proof shows that the liquor sold was hard cider and was intoxicating, the seller comes within the spirit and letter of the act.

The instructions of the court upon the law of the case were in accord with the views above expressed. No error was committed upon the trial and the plaintiff in error was rightfully convicted. Judgment affirmed.