WILLIAM B. HEWITT

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed June 21, 1900—Rehearing denied October 9, 1900.*

1. DRAM-SHOPS—*effect of section 1 of Dram-shop act.* Section 1 of the Dram-shop act, (Rev. Stat. 1874, p. 438,) which defines a dram-shop as "a place where spirituous or vinous or malt liquors are retailed by less quantity than one gallon," and provides that "intoxicating liquors shall be deemed to include all such liquors," merely dispenses with the necessity of proving the intoxicating quality of spirituous, vinous or malt liquors, but as to the sale of other liquors proof must be made of their intoxicating quality.

2. SAME—*hard cider, if shown to be intoxicating, is within the, meaning of Dram-shop act.* One who, without a license to keep a dram-shop, retails hard cider in less quantities than one gallon at his place of business is guilty of a violation of section 2 of the Dram-shop act, where such cider is shown to be intoxicating, notwithstanding the cider is made from apples grown on his own farm.

3. SAME—*Dram-shop act makes no exception in favor of farmers.* The Dram-shop act of 1874 makes no exception in favor of farmers, and hence any right which a farmer may have possessed under the act of 1872 for the protection of farmers, fruit growers, etc., (Rev. Stat. 1874, p. 135,) to sell liquors produced upon his farm, without a license, is taken away by the later act of 1874.

*Hewitt* v. *People,* 87 Ill. App. 367, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

TIPTON & TIPTON, (CHARLES L. CAPEN, of counsel,) for plaintiff in error:

Cider is not a spirituous, vinous or malt liquor. *Feldman* v. *Morrison,* 1 Ill.App. 460; *Alfred* v. *State,* 89 Ala. 112; *State* v. *Oliver,* 26 W.Va. 422; *Roberson* v. *State,* 100 Ala. 123.

The words "intoxicating liquors," as used in the second section of the Dram-shop act, under the settled rules of construction include only beverages of the same kind

or class described by the particular antecedent terms of description employed in the act,—that is, beverages specified in the first section as spirituous, vinous or malt liquor. *Lippman* v. *People*, 175 Ill. 106.

Under our statute a fruit grower or farmer has the right to manufacture cider from the apples grown by him upon his farm and to sell it without taking out a license for such sale, and this whether or not it is intoxicating. *State* v. *Page*, 66 Me. 418; *State* v. *Stapp*, 26 Iowa, 551; 38 id. 467; *State* v. *Oliver*, 26 W. Va. 422; *Alfred* v. *State*, 89 Ala. 112; *Feldman* v. *Morrison*, 1 Ill. App. 460; *Roberson* v. *State*, 100 Ala. 123.

The cider in question being the product of the farm of plaintiff in error is exempt from the operation of the Dram-shop act. *State* v. *Page*, 66 Me. 418; *Horton* v. *Adams*, 24 So. Rep. 262; *Worley* v. *Spurgeon*, 38 Iowa, 467; *Lloyd* v. *State*, 30 S. E. Rep. 961.

The Dram-shop act requires a license to sell spirituous, vinous and malt liquors, and prohibits the sale of the same without a license therefor. An expression of this must, under the uniform rule, be held to be an exclusion of all other fluids not enumerated, hence no license can be required for the sale of fluids only those for the sale of which a license is required. *Feldman* v. *Morrison*, 1 Ill. App. 460; *Alfred* v. *State*, 89 Ala. 112; *Lippman* v. *State*, 175 Ill. 106; *Roberson* v. *State*, 100 Ala. 124.

Intoxicating liquors are not necessarily spirituous, vinous or malt liquors, as these terms are used in the statute respecting the sale of such liquors by retail, and the court cannot assume, as a matter of law, that cider is within the terms of the statute, even if shown to be intoxicating. *Alfred* v. *State*, 89 Ala. 114; *Roberson* v. *State*, 100 id. 124.

If cider is not a spirituous, vinous or malt liquor, then the defendant had a perfect right to sell the same, under section 23 of chapter 5 of our statutes, without first taking out a license for that purpose. It is not a question

186—22

whether what was sold would or would not intoxicate, but the question is whether or not the article sold was spirituous, vinous or malt liquors. *Hansberg* v. *People*, 120 Ill. 21; *Holcomb* v. *People*, 49 Ill. App. 744.

EDWARD C. AKIN, Attorney General, and ROBERT L. FLEMING, State's Attorney, (O. R. TROWBRIDGE, and J. A. BOHRER, of counsel,) for the People:

The sale without a license of any intoxicating liquor in less quantities than a gallon is a violation of section 2 of the Dram-shop act. Dram-shop act, secs. 2, 6; *Smith* v. *People*, 38 Ill. App. 640; *Feldman* v. *Morrison*, 1 id. 460; *Hertel* v. *People*, 78 id. 109; *Noecker* v. *People*, 91 Ill. 469; *Monroe* v. *People*, 113 id. 672; *Mapes* v. *People*, 69 id. 523; *Johnson* v. *People*, 83 id. 431; *Godfriedson* v. *People*, 88 id. 284; *Hansberg* v. *People*, 120 id. 21; *Dennehy* v. *People*, 120 id. 627; City and Village act, par. 47, sec. 1, art. 5; chap. 46, sec. 79.

Statutes should not be so strictly construed as to defeat the obvious intention of the legislature. *Connolly* v. *People*, 42 Ill. App. 36; chap. 131, sec. 1.

Whether or not the sale of any intoxicant, aside from those beverages which are deemed to be intoxicating, is a violation of law, is a question of fact and not of law. *Hansberg* v. *People*, 120 Ill. 21.

Farmers are not exempt from the penalties incurred from violations of the Dram-shop act. *Noecker* v. *People*, 91 Ill. 461; *Wright* v. *People*, 101 id. 126; *Johnson* v. *People*, 83 id. 431; *Hertel* v. *People*, 78 Ill. App. 109.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error was indicted and convicted on thirty-eight counts for selling intoxicating liquors in less quantities than one gallon without having a legal license to keep a dram-shop, and a fine of $20 on each of said counts was imposed, together with the costs of prosecution. He sued out a writ of error from the Appellate Court for

the Third District and that court affirmed the judgment.
Plaintiff in error asks a reversal in this court because of
alleged errors in the admission of evidence and instruc-
tions to the jury, and on the grounds that the sales proved
were of hard cider, which was neither a spirituous, vinous
or malt liquor, and therefore were not violations of the
statute although the cider was intoxicating, and that the
defendant was exempt from the penalties of the statute
because he was a farmer and made the cider from apples
grown on his farm.

Defendant was a coal mine owner and operator at
Chenoa, in McLean county, and owned a farm in Living-
ston county on which there was an orchard. He made
eighty-five or ninety barrels of cider in 1896, and a some-
what less quantity in 1897, from apples grown in that
orchard. He had a great many men working in the mine,
and he carried on the business of selling this cider at the
coal shaft. In making proof of the sales, counsel for the
People asked the witnesses if they bought any hard cider
from the defendant, and this line of proof was objected
to, and it was agreed that an objection should be regarded
as made and exception saved as to all evidence of sales
of hard cider. The objections were overruled and the
proof made. The objection was, that it is not an offense
to sell cider although intoxicating. The offense for which
defendant was prosecuted and convicted was created by
section 2 of the act entitled "An act to provide for the
licensing of and against the evils arising from the sale
of intoxicating liquors," in force July 1, 1874. That sec-
tion imposes a fine or imprisonment, or both, in the dis-
cretion of the court, upon any person, not having a legal
license to keep a dram-shop, who shall sell any intoxi-
cating liquor in any less quantity than one gallon. The
indictment against the defendant stated the offense with
which he was charged, in the terms and language of that
statute, and it was therefore sufficient to charge him with
an indictable offense.

But it is said that section 1 defines a dram-shop as a place where spirituous or vinous or malt liquors are retailed by less quantity than one gallon, and provides that intoxicating liquors shall be deemed to include all such liquors, within the meaning of the act. On this ground it is argued that it is not an offense to sell any intoxicating liquor unless it is spirituous or vinous or malt. The intention of the legislature is to be gathered from all the provisions enacted by them relating to the subject, and there are several such provisions. Prior to this statute places for the sale of liquor had been defined as groceries, and, the name being changed to dram-shops, the legislature saw fit by the first section to define the term, and provided that certain classes of liquor should be deemed intoxicating, so that no proof need be made of the intoxicating quality of liquor of either class. That section added malt liquor to those which had been deemed intoxicating, without proof of the intoxicating quality. Almost all of the licenses to keep dram-shops, issued throughout the State, are issued by municipal corporations under paragraph 46, section 1, article 5, of the act for the incorporation of cities and villages. They have been entrusted with the power to issue such licenses, and the provisions of that paragraph authorize them to license "the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor." Again, section 6½ of the Dram-shop act provides punishment for every person, whether a keeper of a dram-shop or not, who shall buy or in any manner procure, or aid in procuring, any wine, rum, gin, whisky, lager beer, hard cider, alcohol, or other vinous, malt, spirituous, fermented or mixed liquor, or any intoxicating liquor whatever, for any minor without a written order, or for any person intoxicated or who is in the habit of getting intoxicated. Hard cider is there named, in terms, among intoxicating liquors. The purpose of the act is defined in its title, which is not limited to spirituous, vinous or malt liquors.

The provisions upon the subject, taken together, amount to this: that the legislature defined a dram-shop, and selected spirituous, vinous and malt liquors, and branded them as intoxicating without proof of their intoxicating character; that they authorized a license to keep a dram-shop and sell intoxicating, malt, vinous, mixed or fermented liquor, and provided that without such license the sale of any intoxicating liquor should constitute an offense and subject the offender to punishment.

Under the statute it is sufficient to prove that a defendant sold spirituous, vinous or malt liquor, without proving their intoxicating quality, but as to other liquors it must be proved, as a question of fact, that they are intoxicating. This is the substance of what was said in *Hansberg* v. *People*, 120 Ill. 21, where the defendant was indicted for selling intoxicating liquors. The proof was only that he sold "beer," and no evidence was offered or admitted for the purpose of explaining or showing what the beer was made of or what its characteristics were, or whether it was malt, vinous, spirituous or intoxicating. It was held not enough for the People to prove that the defendant sold beer, but it was said that they must show that it was intoxicating liquor. The court said (p. 24): "The fact is beyond dispute that there are different kinds of beer. Some are intoxicating, others not. Whether beer which may be sold in a given case is malt or intoxicating beer, or ginger or root beer, or some other of the various kinds of beer which are known not to be intoxicating, is always a question of fact, to be determined from the evidence introduced on the trial. Our statute does not prohibit the sale of beer. If it did it would be sufficient for the prosecution to prove a sale of beer, just as was done in this case. But unless the language is to be disregarded the statute prohibits the sale of intoxicating liquor, and when beer has been sold it is necessary to show, by the evidence, that the article sold falls within the prohibition of the statute, otherwise a conviction cannot be sustained.

Had the proof been that the beer was intoxicating, as held in *Godfriedson* v. *People*, 88 Ill. 284, or that it was lager beer, as ruled in *Bandalow* v. *People*, 90 Ill. 218, the instruction would have been proper and the conviction right."

It is not conceivable that the legislature designed that a defendant could, without a license, open a saloon and sell intoxicating liquors which could not be classed as spirituous, vinous or malt, with all the consequences of drunkenness, poverty and crime, and not be amenable to the provisions of the Dram-shop act. If the provision of the City and Village act for licensing the sale of intoxicating liquor includes whisky, it also includes cider if the cider is intoxicating, and there is nothing in the statutes which justifies the position that the words "any intoxicating liquor," used in the second section of the Dram-shop act, mean anything else than liquor that will intoxicate, or is limited to any particular kind or variety of such liquor. A dram-shop is a place where "spirituous or vinous or malt liquors" are sold, but a license to keep a dram-shop is a license to sell "intoxicating, malt, vinous, mixed or fermented liquors," and they cannot be sold without a license. When proof shows that cider is intoxicating and produces drunkenness, with all the attendant evils against which the statute was aimed, it is within the act.

The evidence for the People proved a great number of sales of hard cider which was intoxicating. The defendant also dealt in whisky, which he claimed he furnished merely as favors to his men. He had them sign their names for whisky and ordered the whisky from Dayton, Ohio, and delivered it to them. The evidence for the People established one sale of whisky to Grant Courtney which was not ordered in that way. Defendant testified that he prevented fermentation of the cider by putting salicylic acid in it, and later he put in raisins and sugar to give it a better flavor, and he said he gave

Courtney a taste from a bottle of whisky and that Courtney then signed an order for whisky. He claimed the cider was not intoxicating, but the evidence was very clear that it was and that it made men drunk. The coal shaft was a drinking resort with all the attendants and consequences of an ordinary drinking place.

The defendant is not protected under the provisions of section 1 of "An act for the protection of farmers, fruit growers, vine growers and gardeners," in force July 1, 1872. The provision of that act that it should not authorize the sale of spirituous, vinous or malt liquors contrary to laws then or thereafter in force prohibiting the sale thereof, shows that it was not designed that a farmer should be allowed to corrupt the morals or destroy the peace and good order of society by unrestricted sales of intoxicating drinks. The defendant was a retail seller of intoxicating liquor at his place of business, and we would not be inclined to construe that statute so as to protect him because he owned the farm where the apples were grown from which the liquor was made, when an ordinary vendor must have a license. The sale of intoxicating liquor of any kind would come within the spirit of the proviso, and if it could ever have been said that a farmer might sell intoxicating liquors produced upon his farm which were not spirituous, vinous or malt, that right was taken away by the statute of 1874, under which defendant was convicted, which made no exceptions in favor of a farmer.

Instructions were given and refused by the court on the theory that the sale of hard cider, if proved to be an intoxicating liquor, would authorize a conviction, and as we have already indicated we think that is the law, it is not necessary to notice the instructions in detail. There is no error in them.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*