**City of Chicago, Defendant in Error, v. Blanche Hohman, Plaintiff in Error.**

**Gen. No. 16,800.**

DRAMSHOPS—*sales without license.* A finding against one charged with keeping a hotel without a license wherein intoxicating liquor was sold in quantities less than one gallon without a license in violation of the Revised Municipal Code of Chicago, § 1348, cannot be sustained in the absence of evidence that four bottles of beer sold on the premises and to be drunk there was "lager beer," malt liquor, or intoxicating, or that it produced intoxication in any degree.

Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed December 11, 1912.

STEDMAN & SOELKE, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

The complaint in this case charges that plaintiff in error "on the 31st of May, 1910, at the City of Chicago, not having a license to keep a hotel, did keep, conduct and maintain a hotel at 659 N. Clark street, Chicago, Illinois, wherein spirituous, malt, vinous and intoxicating liquor is sold in quantities less than one gallon, without having a license for same, in violation of "Section 1348 of the Revised Municipal Code of Chicago." Upon this complaint a trial by jury in the Municipal Court resulted in a verdict against plaintiff in error, wherein the damages were assessed at $100, and judgment upon such verdict. There is no appearance by defendant in error in this court.

There is proof that plaintiff in error on the day and at the place named in the complaint sold to one John C. Caldwell four bottles of beer to be drunk and which was drunk upon the premises, but there is not a scintilla of evidence that such beer was "lager beer," or malt liquor, or intoxicating, or that the drinking of it produced intoxication in any degree.

Under the rule announced and adhered to in this state the evidence was insufficient to warrant a verdict and judgment against plaintiff in error. Hansberg v. People, 120 Ill. 21; Hewitt v. People, 186 Ill. 336.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*