DANNY J. PEDIGO, d/b/a Pedigo Sod Company, Plaintiff-Appellant, *v.*
THE DEPARTMENT OF REVENUE, Defendant-Appellee.

Fourth District    No. 17332

Opinion filed April 21, 1982.—Rehearing denied May 17, 1982.

Danny J. Pedigo, of Springfield, for appellant, *pro se*.

Tyrone C. Fahner, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellee.

JUSTICE TRAPP delivered the opinion of the court:

Pedigo, a *pro se* plaintiff, appeals the order of the circuit court upon administrative review which affirmed the finding of the Department of Revenue that he was liable for arrears of taxes under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 440 *et seq.*), the Service Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 439.101 *et seq.*), the County Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 34, par. 409.1), and the County Service Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 34, par. 409.2) and affirmed the Department's assessment of taxes due.

On June 1, 1978, the Department of Revenue issued a "Notice of Tax Liability" which advised Pedigo of the assessment of the several taxes for the period January 1, 1976, through December 31, 1978. The Department of Revenue held a hearing upon request for review on August 21, 1979.

At the hearing, the Department offered into evidence, without objection, documents entitled "Correction of Return or Determination of Tax Due" showing amounts computed by the Department's auditor, Larry Lascody, to be due arising out of plaintiff's business as a retail sod dealer. Lascody testified that in using taxpayer's sales invoices, purchase invoices, and sales journal, he had determined which sales of plaintiff's sod were retail, which were sold for resale, which were sales of services, and which were sold to tax-exempt purchasers such as charitable entities and governmental bodies. Lascody related that the retail sales had no installation or freight charge on the invoices and were simply identified as "pickup" by the purchasers. Applying the categorical percentage of each type of taxable sale to taxpayer's gross receipts listed on his Federal tax returns and including penalties, taxpayer was issued a final assessment of $12,546.26 for State retailers' and service occupation taxes and $3,136.58 for county retailers' and service occupation taxes.

During the administrative hearing, plaintiff stated that he was in the business of growing and selling sod in the central Illinois area and claimed

exemption from tax by virtue of section 1 of "An Act for the protection of farmers, fruit-growers, vine growers and gardeners" (Ill. Rev. Stat. 1979, ch. 5, par. 1), which provides:

> "Every farmer, fruit and vine grower, and gardener, shall have an undisputed right to sell the produce of his farm, orchard, vineyard and garden in any place or market where such articles are usually sold, and in any quantity he may think proper, without paying any state, county or city tax, or license, for doing so, any law, city or town ordinance to the contrary notwithstanding: Provided, that the corporate authorities of any such city, town or village may prohibit the obstruction of its streets, alleys and public places for any such purpose: And, provided further, that nothing in this Act shall be so construed as to authorize the sale of spirituous, vinous or malt liquors, contrary to laws which now are or hereafter may be in force prohibiting the sale thereof."

Plaintiff also offered into evidence a letter from the Illinois Bureau of Plant and Apiary Protection which notified taxpayer that his business for labor statistics purposes would be classified as a farming operation. Plaintiff stated that the sod was sold for use by the purchasers in landscaping and indicated he did, on occasion, provide installation services for the purchasers. Plaintiff did not claim his sales were all for resale, but continued to assert that he was a farmer and exempt from taxation by virtue of section 1 of the above act.

In the Department's findings, the hearing officer rejected plaintiff's exemption and affirmed the assessment which was approved by the director on January 10, 1980. Plaintiff thereafter sought review in the circuit court of the Department's finding which court denied the relief and affirmed the Department's assessment.

On appeal, plaintiff claims that the notice of hearing before the Department of Revenue violated section 10 of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1979, ch. 127, par. 1010); that the Department has no jurisdiction to hold a hearing to determine if a potential taxpayer is within the scope of the subject tax act; that the Department failed to prove he was a retailer engaged in selling tangible personal property for use or consumption; that section 1 of "An Act for the protection of farmers, fruit-growers, vine growers and gardeners" (Ill. Rev. Stat. 1979, ch. 5, par. 91) exempts him from taxation; that the circuit court heard new and additional evidence in its hearing on administrative review; and that the findings of fact of the Department's hearing officer were not based upon matters in evidence in violation of section 11 of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1979, ch. 127, par. 1011).

■■ Plaintiff first contends that section 10 of the Illinois Administrative

Procedure Act was not complied with in the form and content of notice which was sent to him by the Department of Revenue advising him of the contested hearing. Section 11a of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 450a) expressly adopts the Illinois Administrative Procedure Act in administrative proceedings of the Department. Under section 10 of the Illinois Administrative Procedure Act, the notice of a hearing in a contested case must contain:

"1. a statement of the time, place and nature of the hearing;

2. a statement of the legal authority and jurisdiction under which the hearing is to be held;

3. a reference to the particular Sections of the statutes and rules involved; and

4. except where a more detailed statement is otherwise provided for by law, a short and plain statement of the matters asserted." (Ill. Rev. Stat. 1979, ch. 127, par. 1010(a).)

From a comparison of the statutory requirements with the notice sent to the plaintiff and included in the record, it appears that any deficiency of the Department's notice concerned its failure to allege that assessment was sought under the County Service Occupation Tax Act, and to refer to Rule 4 of the Department of Revenue's Retailers' Occupation Tax Rules. Despite this omission in the notice, we note that plaintiff failed to object at any point to the notice issued by the Department below. As such, any claim by plaintiff that the notice did not comply with section 10 will not be considered inasmuch as this matter has been waived by plaintiff's failure to object to the omission of the aforementioned items. *St. James Temple of A. O. H. Church of God, Inc. v. Board of Appeals* (1968), 100 Ill. App. 2d 302, 241 N.E.2d 525, *cert. denied* (1969), 395 U.S. 946, 23 L. Ed. 2d 464, 89 S. Ct. 2019.

Plaintiff next argues, without citation to authority, that it was improper for a hearing to be held until it was determined that he was subject to tax, and that no authority to determine jurisdiction is given to the Department in the Retailers' Occupation Tax Act. According to plaintiff, a declaratory judgment action must first be maintained by the Department to determine if the potential taxpayer is a retailer before an assessment and hearing on a contested matter can be conducted.

■■■ Plaintiff's argument that the Department of Revenue has no jurisdiction to hold a hearing until such jurisdiction has been previously determined is without merit and would, if sustained, reduce the powers of the Department to a nullity since taxation would be defeated by a mere claim by potential taxpayers that they are not retailers and are not selling tangible personal property, or doing some other act to bring them within the scope of a valid taxing act. In the area of jurisdiction of courts, it is well established that courts have power to determine the necessary basis

for its own jurisdiction when such issue is presented. (*Baldwin v. Iowa State Traveling Men's Association* (1931), 283 U.S. 522, 75 L. Ed. 1244, 51 S. Ct. 517; *People ex rel. Adamowski v. Dougherty* (1960), 19 Ill. 2d 393, 167 N.E.2d 181.) Again, under the terms of section 5 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 444), the Department of Revenue has, by implication, the power to make such determination. Section 5 provides in part:

> "In case any person engaged in the business of selling tangible personal property at retail fails to file a return, the Department shall determine the amount of tax due from him according to its best judgment and information, which amount so fixed by the Department shall be prima facie correct and shall be prima facie evidence of the correctness of the amount of tax due, as shown in such determination." (Ill. Rev. Stat. 1979, ch. 120, par. 444.)

Moreover, under the Act, the Department is given the power to inspect taxpayers' records and books to determine if tax has been properly remitted (Ill. Rev. Stat. 1979, ch. 120, par. 446). In *Benson v. Isaacs* (1961), 22 Ill. 2d 606, 177 N.E.2d 209, the Department of Revenue appealed from an order of the circuit court dismissing a petition to dissolve an injunction restraining them from collecting retailers' occupation taxes from certain tool and die manufacturers. Though the court upheld the order refusing to dissolve the injunction, the court noted that the Department was free to employ its investigative and subpoena powers for the purposes of determining the extent to which the taxpayers were engaged in a business subject to taxation. Applying these authorities, we believe the Department may determine its own authority to assess the tax and that it properly decided the latter issue to which we will next turn.

■■ Plaintiff next asserts that the Department of Revenue failed to prove that he was subject to tax under the Retailers' Occupation Tax Act and the County Retailers' Occupation Tax Act since no evidence was introduced to show a sale by him of tangible personal property at retail. The Department, citing *Copilevitz v. Department of Revenue* (1968), 41 Ill. 2d 154, 242 N.E.2d 205, *Quincy Trading Post, Inc. v. Department of Revenue* (1973), 12 Ill. App. 3d 725, 298 N.E.2d 789, and *Howard Worthington, Inc. v. Department of Revenue* (1981), 96 Ill. App. 3d 1132, 421 N.E.2d 1030, argues that through its corrected returns and testimony of the field auditor, it has established a *prima facie* case that the taxpayer was engaged in the business of selling tangible personal property at retail, and that plaintiff has failed to overcome the presumption of liability.

Taxation of retailers under the Retailers' Occupation Tax Act and the County Retailers' Occupation Tax Act is imposed upon persons engaged in the business of selling tangible personal property at retail. (Ill. Rev. Stat. 1979, ch. 120, par. 440; Ill. Rev. Stat. 1979, ch. 34, par. 409.1.) Since

the County Retailers' Occupation Tax Act incorporates by reference the provisions of the Retailers' Occupation Tax Act, both will be collectively referred to as the Act.

Under the Act, a sale at retail is defined as follows:

" 'Sale at retail' means any transfer of the ownership of or title to tangible personal property to a purchaser, for the purpose of use or consumption, and not for the purpose of resale in any form as tangible personal property to the extent not first subjected to a use for which it was purchased, for a valuable consideration * * *."
Ill. Rev. Stat. 1979, ch. 120, par. 440.

Taxpayer's argument that the Department failed to establish sales of tangible personal property at retail must fail. Under the Act, all sales of tangible personal property are taxable unless evidence identified with taxpayer's books and records are introduced by him and establish the reason for the claimed assertion of nonliability. (*Quincy Trading Post.*) This presumption is clearly the intendment of section 7 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 446), which provides, in part:

"It shall be presumed that all sales of tangible personal property are subject to tax under this Act until the contrary is established, and the burden of proving that a transaction is not taxable hereunder shall be upon the person who would be required to remit the tax to the Department if such transaction is taxable. * * *"

We note the interpretation of section 7 in *Dearborn Wholesale Grocers, Inc. v. Whitler* (1980), 82 Ill. 2d 471, 413 N.E.2d 370, where the issue was whether a wholesaler, who admittedly did not make sales at retail, was subject to Retailers' Occupation Tax if he failed to introduce evidence of compliance with section 2c of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 441c), which requires the seller to retain documentation of a resale transaction. The court there held that such a tax could not be so imposed even though no evidence was introduced by the taxpayer to rebut the *prima facie* case of the Department, and to document the sales for resale as required by section 2c. The importance of *Dearborn*, however, lies in the court's statement that "the reference in section 7 to 'all sales of tangible personal property' must be construed to mean sales by persons engaged in the business of making such sales at retail." (82 Ill. 2d 471, 480, 413 N.E.2d 370, 374.) Though the effect of this language is not clear, the decision does indicate that the presumption arising by virtue of section 7 will not relieve the Department of proving that the taxpayer in queston is a retailer of personal property. We do not, however, interpret this decision so as to make it incumbent upon the Department to prove the character of each sale of taxpayer, despite the broad language of the *Dearborn* court. This interpretation is given some support by the fact that the court, although expressly

mentioning, did not overrule *Copilevitz* wherein it was held that a retail grocer's failure to admit evidence identified with his books and records to establish a nontaxable resale would not overcome the Department's *prima facie* assessment of liability for these claimed resale sales. We therefore conclude that once some evidence has been introduced to establish that taxpayer makes retail sales in general, the taxpayer will then have the burden of overcoming the *prima facie* case with evidence which indicates that the alleged retail sales were, in fact, for resale, or for some other reason, a nontaxable transaction or which shows that no retail sales were made and, in fact, no retail business exists. Accord, *Howard Worthington, Inc.*

Looking at the evidence offered by the Department and plaintiff at the administrative hearing, it becomes clear that plaintiff was engaged in making retail sales. Plaintiff admitted to numerous individual sales and that his sales were used by the purchasers for landscaping, *i.e.*, for use; further, it is clear that taxpayer was selling tangible personal property. (See *Swain Nelson & Sons Co. v. Department of Finance* (1937), 365 Ill. 401, 6 N.E.2d 632.) If plaintiff believed that more sales should have been allocated to the resale characterization or to other nontaxable categories used by the field auditor who examined his books and records, then it was incumbent upon him to present evidence identified with his books and records to show that fact. (*Quincy Trading Post, Inc.*) Plaintiff's oral claim that he is not a retailer, absent some specific evidence to show this claimed assertion, is insufficient to overcome the substantially documented *prima facie* case presented by the Department. We cannot conclude that the Department's findings that plaintiff was a retailer selling tangible personal property were against the manifest weight of the evidence. *Marion Power Shovel Co. v. Department of Revenue* (1969), 42 Ill. 2d 13, 244 N.E.2d 598.

Having concluded that taxpayer was engaged in the business of selling sod at retail, we next consider whether Pedigo is exempt from taxation by virtue of section 1 of "An Act for the protection of farmers, fruit-growers, vine growers and gardeners", previously quoted.

From the date of this statute's enactment in 1874, no reported case has considered the scope of the exemption granted in relation to taxation under the Retailers' Occupation Tax Act or similar taxing enactments. Language in other cases, and the holding in *Winter v. Barrett* (1933), 352 Ill. 441, 186 N.E. 113, leads us to conclude, however, that the Act in question does not apply to the sales in the case at bar.

In *Hewitt v. People* (1899), 87 Ill. App. 367, *aff'd* (1900), 186 Ill. 336, 57 N.E. 1077, the defendant was convicted of 38 counts of selling intoxicating liquor without a license in violation of the then applicable dramshop act. The defendant, a coal mine operator, had grown apples on his

farm, made intoxicating cider from the apples, and sold some to the coal miners working for him. Defendant there argued that the act exempted him from obtaining a license to sell such cider since he grew the apples from which the cider was made on his own farm. In affirming the conviction, the appellate court rejected the contention that the act exempted a retail seller, which plaintiff admitted that he was, and alternatively concluded that intoxicating liquor was within the spirit of the last sentence of the act, which denied the exemption to sales of spirituous, vinous, or malt liquor. The court stated:

> "It is apparent to our minds that the protection intended by the act is limited to farmers, fruit growers, vine growers, and gardeners * * *. *It was not intended to protect a retail merchant, grocer, or keeper of a drinking establishment in the sale of products which the ordinary vender must have a license to sell,* simply because he produced them from his own farm, orchard, or vineyard." (Emphasis added.) (87 Ill. App. 367, 369-70.)

Interpretation of the Act to limit its application to nonretailers is further reinforced by the decision in *Winter*. At issue in that case was the constitutionality of the first Retailers' Occupation Tax Act, which contained the following definition of tangible personal property:

> " 'Tangible personal property' does not mean or include farm products or farm produce sold by the producer thereof * * *." (1933 Ill. Laws 938.)

This exemption from the class of retailers subject to the tax was contended by the plaintiffs in *Winter* to be violative of section 1 of article IX of the 1870 Illinois Constitution which, like section 2 of article IX of the 1970 Illinois Constitution, requires taxation to be uniform as to the objects and the class sought to be taxed. In *Winter*, the court drew a distinction between farmers who normally sold their produce in gross, such sales not being sales to consumers, and farmers who, though they grow their own products, sell principally to consumers at retail. The supreme court held that while the former would not be included in the class subject to the tax, the exclusion of the latter class from the object of taxation was violative of the requirement of uniformity of taxation. The court stated:

> "It is different, however, with the producer of farm products and produce, such as vegetables and the like, who not only conducts the business of producing such produce, of which sales generally may be an incident, but who also conducts the business of selling his produce only to consumers at retail. It is a matter of common knowledge that there are many so engaged. He thus conducts the separate business of selling at retail in competition with other retail dealers in such commodities. * * * He is of the class to which the act applies, just as the druggist who compounds and produces the

proprietary remedies which he sells at retail is in that class, and so far as the act attempts to exclude him from its provisions it is not uniform in its application to the class on which it operates and cannot be sustained." 352 Ill. 441, 463, 186 N.E. 113, 122.

The nature of the tax was further explicated in *Reif v. Barrett* (1933), 355 Ill. 104, 188 N.E. 889, where plaintiff contended that the tax was unconstitutional as a tax upon property and a form of income tax. The court concluded that the opinion in *Winter* had determined that the tax was an occupational tax and said, in summary:

"In the case at bar, however, the subject of the tax is the privilege to engage in the business of selling tangible personal property to purchasers for use or consumption." (355 Ill. 104, 117, 188 N.E. 889, 895.)

Such interpretation is currently reiterated in *Dearborn Wholesale Grocers, Inc. v. Whitler* (1980), 82 Ill. 2d 471, 477, 413 N.E.2d 370, 373, where the court, in discussing *Reif*, said:

"[A]nd over the years the court has repeatedly expressed the view that it is not the sale of property but the business of selling it for use or consumption which is the subject of the tax. [Citations.]"

■■ While Pedigo may be considered to be a farmer, upon this record it is clear that he engages in selling tangible personal property for use and consumption, and that section 1 of "An Act for the protection of farmers, fruit-growers, vine growers, and gardeners" does not exclude or exempt him from the tax upon such sales. Pedigo's confusion as to the applicability of the latter Act arises from an apparent assumption that farmers may not be retailers. A comparable assumption was presented in *Franklin County Coal Co. v. Ames* (1934), 359 Ill. 178, 194 N.E. 268. There a number of coal mining operators sought to enjoin the collection of the tax. Although such operators sold coal at the mine for use or consumption, they argued that their business was producing coal rather than selling coal, and that they sold at wholesale. Finding that the record disclosed a large percentage of sales were to consumers, the court referred to the opinion in *Winter v. Barrett*, and stated:

"We recognized that the business of farming includes the business of producing, but held that farmers who engage in the business of selling their produce to consumers are engaged in the business of selling tangible personal property at retail, just as a druggist is who compounds his own remedies for sale at retail to his customers. Both would be conducting the sort of business covered by this act, and the fact that both were producers does not change that part of their business which is made up of such sales. Nor does the fact that the appellants are producers—that is, engaged in the business of mining and preparing coal for sale—have any bearing upon that

part of their business which has to do with the sale of their product for use or consumption." (359 Ill. 178, 182-83, 194 N.E. 268, 270.) Accordingly, we must conclude that Pedigo is not exempt from the tax where the evidence shows that sales at retail are not occasional or incidental, but constitute a substantial part of his business.

■■ Plaintiff next argues that the circuit court denied him the right to object to, and heard, new and additional evidence presented by the Department in review of the assessment in the circuit court contrary to section 11 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 274), which provides as follows:

"Scope of review. Every action to review any final administrative decision shall be heard and determined by the court with all convenient speed. The hearing and determination shall extend to all questions of law and of fact presented by the entire record before the court. *No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court.* The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." (Emphasis added.)

Specifically, plaintiff contends that the provisions were violated by certain factual arguments made by the Department in their brief presented to the circuit court. The only arguably "new" evidence heard by the circuit court on administrative review consisted of a definition from Webster's Dictionary of a farmer, farm, and a producer. As for the definitional matters contained in the Department's brief, this was not "new evidence" of the character intended to be excluded by the statute, but was properly considered by the court as merely legal argument by the Department on the validity of the findings of the administrative agency below. We believe that the evidence intended by the rule to be excluded from consideration is documentary or testimonial evidence, and not mere legal argument by the Department in their brief.

Plaintiff's final argument is that the Department's findings of fact were not based upon matters noted at the hearing as required by section 11(c) of the Illinois Administrative Procedure Act which provides:

"(c) Findings of fact shall be based exclusively on the evidence and on matters officially noticed." (Ill. Rev. Stat. 1979, ch. 127, par. 1011(c).)

In the hearing officer's recommendation of liability, he noted that Rule 4 of the Retailers' Occupation Tax Rules was applicable to the imposition of tax on plaintiff's business, although, as plaintiff notes, Rule 4 was not brought forth at the administrative hearing.

The reference to Rule 4 by the hearing officer, contrary to plaintiff's

assertion, arose in the discussion of the legal authority upon which the tax was based and was not mentioned nor relevant to the finding of facts of the hearing officer. Rule 4, as such, had nothing to do with the Department's findings and would have been a proper subject for judicial notice in any event. (*Sturm v. Block* (1979), 72 Ill. App. 3d 306, 390 N.E.2d 912.) Accordingly, there was no error in the manner in which Rule 4 was considered by the hearing officer below in his findings of fact and conclusions of law.

Plaintiff has filed a supplemental brief seeking to present and argue asserted matters of fact and objections to items included in the audit as retail sales. The purported evidence and objections were never introduced into the record at the departmental hearing, and were not presented to the circuit court. These issues cannot now be argued upon intermediate review.

For the foregoing reasons, the decision of the circuit court striking and dismissing plaintiff's complaint for administrative review and affirming the assessment by the Department of Revenue of Retailers' and Service Occupation Taxes and County Retailers' and Service Occupation Taxes is affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.