DANNY J. PEDIGO, d/b/a Pedigo Sod Company, Plaintiff-Appellant, v. TOM JOHNSON, Director, Department of Revenue, Defendant-Appellee.

Fourth District   No. 4—84—0154

Opinion filed January 30, 1985.

Danny J. Pedigo, of Springfield, for appellant, *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Eugene P. Schmittgens, Jr., Assistant Attorney General, of counsel), for appellee.

JUSTICE TRAPP delivered the opinion of the court:

Danny J. Pedigo, a *pro se* plaintiff, filed suit to determine whether the decision of defendant Illinois Department of Revenue was void. The circuit court of Sangamon County dismissed the complaint on *res judicata* grounds, and plaintiff appeals.

After a hearing on August 21, 1979, the Department determined plaintiff was liable for arrears of taxes of approximately $15,600. Plaintiff filed suit for judicial review, but the trial court affirmed the Department's assessment. We, in turn, affirmed the trial court's judgment in *Pedigo v. Department of Revenue* (1982), 105 Ill. App. 3d 759, 434 N.E.2d 860 (hereinafter referred to as *Pedigo I*). The supreme court later denied leave to appeal. *Pedigo v. Department of Revenue* (1982), 91 Ill. 2d 572.

Not satisfied with the results obtained in Illinois courts, plaintiff filed suit in Federal court pursuant to the Federal Civil Rights Act of 1871 (42 U.S.C. sec. 1983 (1982)). The Federal District Court dismissed the suit, holding that our decision in *Pedigo I* had already addressed the issues raised in plaintiff's complaint. Plaintiff appealed, but the United States Court of Appeals for the Seventh Circuit dis-

missed the case for lack of jurisdiction.

On November 10, 1983, plaintiff again filed suit in the circuit court of Sangamon County. He alleged the Department's prior determination was void. The trial court dismissed the action on *res judicata* grounds.

Plaintiff contends the Department failed to comply with section 10 of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1983, ch. 127, par. 1010). Section 10 outlines the requirement for notice of a hearing in a contested case under the Act. Plaintiff made this same argument on appeal in *Pedigo I*. We refused to consider the issue, stating:

> "Despite this omission in the notice, we note that plaintiff failed to object at any point to the notice issued by the Department below. As such, any claim by plaintiff that the notice did not comply with section 10 will not be considered inasmuch as this matter has been waived by plaintiff's failure to object to the omission of the aforementioned items." (*Pedigo v. Department of Revenue* (1982), 105 Ill. App. 3d 759, 762, 434 N.E.2d 860, 863.)

The Department maintains a doctrine of *res judicata* precludes plaintiff from raising the notice issue now.

*Res judicata* prohibits repetitive litigation in an effort to obtain judicial economy and to protect litigants from the burden of retrying an identical cause of action with the same party or a privy. Under the doctrine, a final judgment rendered by a court of competent jurisdiction on the merits bars absolutely a subsequent action involving the same cause of action or issue between the same parties or their privies. *Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432, 447 N.E.2d 834, 838.

■ The *res judicata* effect affixes to administrative decisions that are judicial in nature. (*Godare v. Sterling Steel Casting Co.* (1981), 103 Ill. App. 3d 46, 430 N.E.2d 620.) After a review of such a decision, the reviewing court's judgment is *res judicata* to all issues raised before it, and all issues, which could have been raised on the record but were not, are deemed waived. *People v. Mitchell* (1981), 95 Ill. App. 3d 779, 791, 420 N.E.2d 415, 424.

■ A former adjudication can be relied on as an absolute bar when the parties and the cause of action are the same in both proceedings, the former adjudication was a final judgment on the merits, and the court had jurisdiction to render it. (*People v. Kidd* (1947), 398 Ill. 405, 408-09, 75 N.E.2d 851, 854.) Those criteria are met by the decision in *Pedigo I*. We held that plaintiff could have and should have

raised the matter of notice earlier in that proceeding, and thus, the doctrine of *res judicata* should preclude him from raising it now.

■ Plaintiff, however, notes that *res judicata* is not applied to a void judgment. A void judgment is one that, from its inception, is a complete nullity and without legal effect. (*In re Marriage of Allcock* (1982), 107 Ill. App. 3d 150, 153, 437 N.E.2d 392, 394.) Plaintiff cites section 14 of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1983, ch. 127, par. 1014), which states, in part:

"A decision by any agency in a contested case under this Act shall be void unless the proceedings are conducted in compliance with the provisions of this Act relating to contested cases except to the extent such provisions are waived pursuant to Section 18 of this Act and except to the extent the agency has adopted its own rules for contested cases as authorized in Section 2 of this Act."

Plaintiff argues the Department's prior order must be void for failure to comply with the notice provision in contested cases. Generally, an agency's order that is void may be attacked at any time and in any court either directly or collaterally. (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 112, 357 N.E.2d 1154, 1155.) Plaintiff concludes the order in *Pedigo I* is still subject to collateral attack.

Plaintiff, however, has already directly attacked the Department's decision in *Pedigo I*. While plaintiff had the right to attack the agency's decision either directly or collaterally if it was void, he has no right to both a direct and a collateral attack. The trial court and we ourselves had jurisdiction to review the validity of the Department's order in *Pedigo I*. (Ill. Rev. Stat. 1983, ch. 110, pars. 3—104, 3—112.) One reason for reviewing an administrative action is to ensure that the agency has acted within the judicial bounds defined by law, and to guard those statutory and constitutional rights guaranteed to one subject to agency action. (*Piotrowski v. State Police Merit Board* (1980), 85 Ill. App. 3d 369, 374, 406 N.E.2d 863, 866.) Hence, the validity of the Department's decision was at issue in *Pedigo I*.

In essence, our decision in *Pedigo I* held that the Department's assessment was not void. Plaintiff maintains we erred, but the doctrine of *res judicata* precludes him from relitigating the issue. *Res judicata* is premised on the notion that the law affords every man his day in court along with the opportunity to present his case on the issues involved. It also requires him to bring forth all grounds of recovery or defense that he has. (*Pratt v. Baker* (1967), 79 Ill. App. 2d 479, 485, 223 N.E.2d 865, 868.) "It is of first importance both in the ob-

servance of private rights and the public good that a question once adjudicated by a court of competent jurisdiction shall be considered as finally settled and conclusive upon the parties, subject only to proceedings in a court of review." (*Winkelman v. Winkelman* (1923), 310 Ill. 568, 573, 142 N.E. 173, 174.) Once a litigation is prosecuted to an appellate court and questions of law are decided, all questions relating to the same subject matter which were open for consideration and could have been presented are *res judicata. Finley v. Crossley* (1953), 414 Ill. 105, 106, 110 N.E.2d 255, 256.

Moreover, we believe plaintiff misinterprets the effect of section 14. Plaintiff argues that by failing to comply with the notice requirement, the Department's hearing and determination became an absolute nullity. He could not, therefore, waive an objection to it as we held in *Pedigo I.*

In construing a statute, a court should ascertain and give effect to the legislative intent. (*People v. Robinson* (1982), 89 Ill. 2d 469, 433 N.E.2d 674.) The words of a statute should be given their plain, ordinary and accepted meaning unless to do so would defeat the legislative purpose. (*Pioneer Processing, Inc. v. Environmental Protection Agency* (1982), 111 Ill. App. 3d 414, 419, 444 N.E.2d 211, 214.) The proper interpretation of the statute, however, cannot simply be based on its language; it must be grounded on the nature, object and consequences that would result from construing it one way or another. *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21, 373 N.E.2d 1332, 1335.

Although not its primary meaning, the word "void" is construed in some contexts as "voidable." (*Chicago Rys. Co. v. Commerce Com.* (1929), 336 Ill. 51, 74, 167 N.E. 840, 849.) When used in the statute, the word "void" is often ambiguous, and it may mean "a complete nullity," or it may mean only "susceptible of being held to be a nullity." (*Thompson v. Akin* (1898), 81 Ill. App. 62, *rev'd sub nom. Hogan v. Akin* (1899), 181 Ill. 448, 55 N.E. 317; see also Black's Law Dictionary 1411 (5th ed. 1979).) Thus, the word "void" has various meanings and has been applied to that which has no legal effect and is an absolute nullity, and to that which, by reason of some inherent vice or defect, may be adjudged void by a court when the question is presented to it. *Sumner v. Village of Milford* (1905), 214 Ill. 388, 395, 73 N.E. 742, 744.

When the word "void" is used to secure a right or confer a benefit on the public at large, it will usually be construed to mean "null and incapable of confirmation." If used with respect to individuals, who are capable of protecting themselves, it will often be interpreted as "voidable" only. (*Daniels v. Land* (1938), 272 Ky. 730, 115 S.W.2d

293.) Section 14 applies to contested cases in which the individual subjected to agency action has ample opportunity to protect himself both at the hearing and on review.

The legislature has already addressed those matters of an agency's decisions subject to collateral attack. Section 3—102 of the Code of Civil Procedure provides:

> "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision. If under the terms of the Act governing the procedure before an administrative agency an administrative decision has become final because of the failure to file any document in the nature of objections, protests, petition for hearing or application for administrative review within the time allowed by such Act, such decision shall not be subject to judicial review hereunder excepting only for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter." (Ill. Rev. Stat. 1983, ch. 110, par. 3—102.)

It must be presumed that two statutes relating to the same subject matter are governed by one spirit and one policy and that the legislature assumed the statutes were consistent and harmonious. (*Scofield v. Board of Education* (1952), 411 Ill. 11, 20, 103 N.E.2d 640, 645.) The only issues which may be attacked on collateral review, therefore, are subject matter and personal jurisdiction. Whether the agency complied with the provisions of the Illinois Administrative Procedure Act is a question properly addressed only on direct review.

■ Besides the notice provision, the Illinois Administrative Procedure Act also outlines rules concerning evidence, the content of the record, and the form of a final decision in contested cases. (Ill. Rev. Stat. 1983, ch. 127, pars. 1011 through 1014.) Under plaintiff's interpretation, any violations of these rules would result in a void decision. Yet, the Code of Civil Procedure states:

> "Technical errors in the proceedings before the administrative agency or its failure to observe the technical rules of evidence shall not constitute grounds for reversal of the administrative decision unless it appears to the court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him or her." (Ill. Rev. Stat. 1983, ch. 110, par. 3—111(b).)

Because we must construe the statutes consistently and harmoniously, we must reject plaintiff's interpretation.

398

For the foregoing reasons, the trial court's order dismissing plaintiff's suit on *res judicata* grounds is affirmed.

Affirmed.

GREEN, P.J., and MILLS, J., concur.