Robert HOLSTEIN, et al., Plaintiff,

v.

CITY OF CHICAGO, Defendant.

No. 91 C 5458.

United States District Court, N.D. Illinois, E.D.

Sept. 29, 1992.

Aron David Robinson, Corey Scott Berman, Holstein, Mack & Klein, Chicago, Ill., for plaintiff Holstein.

Robert A. Holstein, Corey Scott Berman, Holstein, Mack & Klein, Chicago, Ill., for plaintiff Grove, etc.

Anita K. Modak–Truran, Stanley Arthuer Berman, City of Chicago Law Dept., Corp. Counsel, Chicago, Ill., for City of Chicago.

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

Plaintiffs Robert Holstein ("Holstein") and Brian Grove ("Grove"), individually and on behalf of others, brought this declaratory judgment action against defendant City of Chicago ("City"). Count I, brought by Grove, and Count III, brought by Holstein, both allege that Chicago Municipal Code § 9–92–030, which governs when cars may be towed by the City, is unconstitutional because it affords the City the power to tow cars arbitrarily. Count II, brought by Grove, alleges that post-tow hearings that are held pursuant to Chicago Municipal Code § 9–92–080 are conducted in a manner which deprives persons of their constitutional right to due process. The City has brought this motion to dismiss Counts I–III [1] of plaintiffs' First Amended Complaint (the "complaint"). In the motion to dismiss, City makes two arguments: (1) that the City is entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (a) because plaintiff Grove does not allege an actual case or controversy in Counts I and II and (b) because plaintiff Holstein's claim in Count III is barred by waiver and *res judicata;* and (2) that the City is entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiffs fail to state a claim upon which relief may be granted. For the reasons set forth below, the defendant's motion to dismiss Counts I–III is granted.

## BACKGROUND

According to the allegations contained in the plaintiffs' complaint, facts surrounding two separate incidents give rise to plaintiffs' claim: one incident involves the towing of plaintiff Grove's automobile, and the other involves the towing of plaintiff Holstein's car.

### The Grove Incident

Plaintiff Grove held a valid City Department of Public Works "1991 Resident Parking Program" guest permit, which allowed him to park his car on city streets within a certain area near Comiskey Park. On the evenings of August 1, 1991 and August 2, 1991, Grove parked his car within the designated area of the Parking Program. On both evenings, the City towed Grove's car. On both occasions, Grove immediately retrieved his car from the City auto pound.

Chicago Municipal Code § 9–92–080 provides for post-tow hearings so that persons may contest the validity of tows that occur. Grove scheduled and appeared for such a post-tow hearing, which took place on August 9, 1991 before Officer Beck, one of the City's hearing officers. Grove presented evidence to the effect that he was a valid permit holder under the Resident Parking Program, and that he had not received tickets for the violations which had given rise to the tows. Grove claims that this evidence was not considered by Officer Beck in his holding that the tows were valid. This finding was based on ticketing officer Hycner's having deemed Grove's car a "hazard." Officer Hycner was not present at the post-tow hearing.

In an attempt to overturn the tow determination, Grove contacted Officer Hycner to try and change the officer's mind about the tow authorizations he had made, but this was apparently to no immediate avail. On October 11, 1991, Grove joined in the instant action individually and as a class representative.

On November 7, 1991, defendant City informed Grove that it had determined that both of the tows of his vehicle were improper, and set in motion a procedure to refund the towing and storage fees that Grove had paid in connection with the August 1, 1991 and August 2, 1991 tows.

### The Holstein Incident

On December 8, 1990, plaintiff Holstein parked his car to the west of a crosswalk on a public street at 180 E. Chestnut in

---

1. Although plaintiffs' complaint originally contained six Counts, the parties have arranged for the settlement and dismissal of Counts IV–VI.

Chicago. Holstein parked under a white sign bearing a red encircled "P" with a red line through the "P"—a "No Parking" sign. The sign did not specifically indicate that the zone in which Holstein had parked was a "tow zone." The City towed Holstein's car, and a ticket was issued for the purported reason that the vehicle was blocking a crosswalk in violation of Chicago Municipal Code § 9–64–100(f).

Holstein retrieved his vehicle from the City auto pound the next day. By phone, Holstein requested a post-tow hearing, and was put in contact with Officer Fountas, a hearing officer, who told Holstein that he would inspect the site of the tow. Officer Fountas contacted Holstein by phone several days later and told Holstein that he had inspected the site and had determined that the tow was proper.

Holstein was not satisfied with the phone hearing and requested, in writing, an in-person hearing. Such a hearing was scheduled for March 25, 1991. Prior to the hearing, on February 28, 1991 Holstein contested the ticket he had received in connection with the December 8, 1990 tow, and that ticket was dismissed. At the in-person post-tow hearing on March 25, 1991, Holstein, his attorney, and a court reporter were present for the proceedings. Holstein was not allowed to question the ticketing officer and was not allowed to present evidence that his ticket for the incident had been dismissed, and Officer Fountas concluded the hearing by refusing to reverse his prior determination that the tow had been proper.

## I. *Counts I & II*

In Counts I & II of this declaratory judgment action, plaintiff Grove asks the court to strike Chicago Municipal Code § 9–92–080 and the City's post-tow hearing procedures on the grounds that they are unconstitutional. Defendant City argues that these Counts must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the court does not have subject matter jurisdiction over this action. City further contends that these Counts must be dismissed because plaintiff Grove has no

actual case or controversy. The court agrees.

■ Article III of the Constitution limits the exercise of judicial power to "cases" and "controversies." *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 239, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937); *J.N.S., Inc. v. State of Indiana*, 712 F.2d 303, 305 (7th Cir.1983). This limitation applies to actions brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, just as it does for actions seeking traditional injunctive relief. *Dotson v. Donnewald*, 624 F.Supp. 194, 196 (N.D.Ill.1985).

■ As a general principle, declaratory judgment actions are justiciable if "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal and Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgement Act is necessarily one of degree. *Id.* "A party bringing a declaratory judgment action must show an actual controversy and a direct injury or threat of injury that is 'real or immediate, not conjectural or hypothetical.'" *Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339, 1353 (7th Cir.1987) (quoting *Foster v. Central Township of LaPorte County*, 798 F.2d 237, 242 (7th Cir.1986)).

■ Defendant City contends that because it has already determined that its towing of plaintiff Grove's vehicle was improper, and has reversed and dismissed all related determinations against him, and has attempted to refund Grove's tow fees, there is no longer any case or controversy between Grove and the City. Grove has vowed to refuse to accept the City's refund, and has characterized this refund as an attempt by the City to "buy off" his claim. Grove contends that the City has not forced and may not attempt to force him out of his position as representative plaintiff.

Grove presumably contends that he need not accept the City's refund of the towing fee, but may instead exercise the option of continuing the prosecution of this action against the City. Further, Grove presumably feels that his position as representative plaintiff affords him such an unusual option. City cites several cases which advance the proposition that "... even the named plaintiffs who represent a class must allege and show that they personally have been injured ..." *Foster v. Center Township of LaPorte County*, 798 F.2d 237, 245 (7th Cir.1986). City also cites *Winokur v. Bell Federal Savings and Loan*, 560 F.2d 271 (7th Cir.1977), which sets forth the general principle that "when there is no determination that an action be maintained as a class action and the controversy between the named party in his own interest and his opponent dies ... there is no controversy between parties who are present or represented before the court in the action" and adjudication is not appropriate. *Id.* at 277.

Plaintiff Grove attempts to counter this by relying almost exclusively upon *Susman v. Lincoln American Corp.*, 587 F.2d 866 (7th Cir.1978), a case which limited the *Winokur* holding only somewhat, by stating that while a motion for class certification is pending, the interests of the members of that class are considered sufficiently before the court "so that the apparent conflict between their interests and those of the defendant will avoid a mootness artificially created by the defendant by making the named plaintiff whole." *Id.* at 869. Notwithstanding this limitation, Grove's contention that he may opt to refuse to accept the City's refund of his towing fees and continue prosecuting this action against the City is doomed to failure for three reasons.

First, the City notified Grove that his towing determination had been invalidated and that he would be refunded the now-erroneously charged towing fees on November 7, 1991. However, Grove did not file a Motion for Class Certification until some two weeks after this, on November 21, 1991. Thus, plaintiff Grove was effectively "made whole" by having his tow

invalidated well before attempting to become a class representative. Therefore, *Susman*, as it applies to preserving the claim of a class of plaintiffs, is inapplicable here because no such class even existed at the time of the invalidation of Grove's tow determinations.

Second, this court recognizes the narrowness of the *Susman* limitation, although plaintiff Grove does not. The limitation clearly applies only when a Motion for Class Certification is *pending*. Here, Grove's untimely motion of November 21, 1991 was denied, and no motion for certification is currently pending. Thus, this action is clearly without the purview of the limitation set forth in *Susman*.

Finally, the notion that the operation of the City's tow system, in this instance the correction of an admitted improper towing and the attendant refund—the very relief sought by plaintiff Grove—amounts to something that the City is attempting to "force" upon Grove, is untenable. Grove would like to seek to be made whole, as long as such a resolution does not hamper his ability to press the constitutional issues at bar. While the court will not speculate as to what plaintiffs' grand scheme might be, Grove's refusal of the relief he initially sought suggests an attempt to use the judicial system in a manner in which it was not intended to be employed.

The City accurately points out that absent an actual case or controversy, Grove's only conceivable basis for challenging the City towing procedures or its towing ordinance is the threat of future illegal tows or improper tow hearings. However, "a litigant may not invoke the power of a federal court to pass upon the constitutionality of a statute simply because an actual controversy may or even will occur in the future: the controversy must presently exist in fact." *Dotson v. Donnewald*, 624 F.Supp. 194, 196 (N.D.Ill.1985). It is well-established that a litigant must clearly demonstrate that he has suffered an "injury in fact" which must be "concrete in both a qualitative and temporal sense." *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 1723, 109 L.Ed.2d 135 (1990).

Furthermore, the litigant must satisfy the "redressability" prong of the Article III minima by showing that the injury "is likely to be redressed by a favorable decision." *Id.* (quoting *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 41, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976)). Because Grove has been made whole by the City's invalidation of his tow determinations and eventual refund of his fees, neither injury in fact nor redressability exists here.

Analogous case law supports this conclusion. In *Berman v. City of Chicago,* 91 C 4922 (N.D.Ill.1991), the plaintiff had filed a complaint which sought a declaratory judgment that the City's parking ordinances and the City's parking administration system are unconstitutional. The issue before Judge Marovich was whether plaintiff retained an actual case or controversy against the City after the City had dismissed plaintiff's three parking tickets. Without briefing, Judge Marovich summarily dismissed the action on the grounds of mootness because the parking tickets that had been given to plaintiff had already been dismissed by the City. *Id.* Plaintiff Grove attempts to distinguish the instant action from *Berman* by pointing out that the plaintiff in *Berman* "had no way to stop the City's action [of dismissing the parking tickets]" and referring again to the *Susman* holding to imply that Grove may opt around the City's refund here. However, given the inapplicability of *Susman* to this case, as discussed above, the distinction proffered by Grove is wholly irrelevant.

Accordingly, because plaintiff Grove is unable to demonstrate that an actual case or controversy exists, Counts I and II must be dismissed with prejudice for a lack of subject matter jurisdiction.

## II. *Count III*

Count III is brought by plaintiff Holstein and arises from the facts involved in the towing of Holstein's car and the administration of his post-tow hearings. Like Grove, Holstein challenges the constitutionality of the City's towing ordinance and the City's post-tow hearing procedures. In its Motion to Dismiss, defendant City challenges Holstein's ability to bring this claim before the court, and maintains that Holstein's claims are barred by waiver and *res judicata.* The court agrees with defendant's contentions.

## WAIVER

■ The City contends that Holstein's claims are barred because he could have challenged the post-tow administrative determination against him in an appeal to the Illinois state courts, but chose not to do so. The City submits that Holstein's choice to abandon his right of appeal and the lapse of time since the administrative determination was made amount to a waiver of his right to further contest the issue.

■ In Illinois, the appropriate method of review of municipal administrative agency decisions is by way of a common law writ of *certiorari. Norton v. Nicholson,* 187 Ill.App.3d 1046, 1058, 135 Ill.Dec. 485, 543 N.E.2d 1053 (1st Dist.1989). Review provided in such an appeal is extremely broad in scope, and extends to all questions of fact and law contained in the record before the court, including *de novo* review of any constitutional issues. *Howard v. Lawton,* 22 Ill.2d 331, 333, 175 N.E.2d 556, 557 (1961). Indeed, constitutional questions may even be raised for the first time in a complaint for administrative review. *Head–On Collision Line, Inc. v. Kirk,* 36 Ill.App.3d 263, 268, 343 N.E.2d 534, 538 (1976). This avenue is not open to a plaintiff indefinitely, however. "Six months has been established as the limitation period during which the writ of certiorari must be filed, unless a reasonable excuse is shown for the delay." *Koch v. Board of Trustees of the University of Illinois,* 39 Ill.App.2d 51, 56, 187 N.E.2d 340, 342 (1st Dist.1962) (quoting *Connolly v. Upham,* 340 Ill.App. 387, 391, 92 N.E.2d 207, 209 (1950)).

The mechanism of common law *certiorari* quite clearly provided Holstein with an opportunity for the administrative review of his post-tow hearings, an opportunity of which he failed to take advantage. All of the issues contained in Count III could

have been raised in state court through this common law *certiorari* option, had Holstein taken advantage of it. Defendant City contends that Holstein's failure to seek timely administrative review of the determination against him at his post-tow hearing amounts to a waiver of his rights. The court agrees.

■ If an individual intentionally relinquishes a known right, either expressly or by conduct inconsistent with an intent to enforce that right, he has waived it. *J.H. Cohn & Co. v. American Appraisal Associates, Inc.*, 628 F.2d 994, 1000 (7th Cir. 1980). Constitutional rights are no different; they too may be waived. *Sapir v. City of Chicago*, 749 F.Supp. 187, 191 (N.D.Ill.1990). By ignoring the proper course of action in appealing an administrative hearing, plaintiff Holstein has waived his right to have his appeal heard.

■ Holstein had six months from the date of his post-tow hearing, which took place on March 25, 1991, in which to seek review of that hearing in state court under the mechanism of common law *certiorari*. Although the instant action was filed within that six month window of opportunity, on August 28, 1991, *this court* is not the forum for such an action to be brought directly from the administrative hearing. Also, it does not appear that Holstein has a reasonable excuse for missing the six-month deadline. Holstein argues that he filed his claim in this court because he had noted a tendency on the part of the City to "instantly remov[e] state actions that posed constitutional questions to federal court pursuant to 28 U.S.C. § 1441(b)." While Holstein may expect to be commended for saving the City the trouble of removal to federal court, choosing the federal court was not an option properly before him. It is clear that common law *certiorari* dictates that Holstein's only available forum for this matter was the state court. It is further clear that the choice of defendant City to remove such actions to federal court is the *exclusive* prerogative of the City, as dictated by 28 U.S.C. § 1441(b). Finally, because the time allowed Holstein for his writ of *certiorari* to state court has

long since past, his right to *certiorari* has been effectively waived, and the underlying administrative determination has become final. *See Koch*, 39 Ill.App.2d 51, 187 N.E.2d 340.

Accordingly, plaintiff Holstein has waived his right to common law *certiorari*, which in itself justifies the dismissal of Count III with prejudice.

### RES JUDICATA

■ City additionally maintains that Holstein is also barred by *res judicata* from bringing Count III. City points out that *res judicata* principles apply when a party seeks to raise a constitutional challenge in a federal civil rights action, which could have been, but was not, raised as a defense in prior state proceedings. *See, e.g., Button v. Harden*, 814 F.2d 382 (7th Cir.1987). Because Holstein makes his constitutional challenge to the city's post-tow hearings for the first time in the instant action, City properly asserts that this claim must be scrutinized in the light of Illinois law regarding *res judicata*.

■ Illinois law states that a prior judgment may have preclusive effects in a subsequent action under *res judicata*. *Housing Authority for LaSalle County v. YMCA of Ottawa*, 101 Ill.2d 246, 461 N.E.2d 959, 961 (1984). The doctrine of *res judicata* provides that a valid judgment in a previous action between the parties bars a subsequent action between those parties on the same claim or cause of action. The doctrine applies not only to those issues which were actually raised in the first proceeding, but also to any issues which might have been raised in that proceeding. *Edwards v. City of Quincy*, 124 Ill.App.3d 1004, 1008, 80 Ill.Dec. 142, 146, 464 N.E.2d 1125, 1129 (1984).

■ The *res judicata* effect affixes to administrative decisions which are judicial in nature. *Godare v. Sterling Steel Casting Co.*, 103 Ill.App.3d 46, 58 Ill.Dec. 588, 430 N.E.2d 620 (1981). After a review of such a decision, the reviewing court's judgment is *res judicata* to all issues raised before it, and all issues, which could have

been raised on the record but were not, are deemed waived. *Pedigo v. Johnson,* 130 Ill.App.3d 392, 394, 85 Ill.Dec. 702, 704, 474 N.E.2d 430, 432 (1985). Here, Holstein has foregone review of the post-tow hearing in state court.

Holstein could have—and should have—raised his constitutional claims in a *certiorari* action in the Circuit Court of Cook County. As discussed above, the state court is the proper forum for appeals of post-tow hearing decisions in Illinois. Now, however, it is too late for Holstein to bring his constitutional claims in state court; moreover, his amended complaint does not contain a state law claim for *certiorari.* Clearly, Holstein did not raise his constitutional claims in the prior proceedings—as he should have—and his window of opportunity for bringing such claims in state court has since been shut. Thus, his inaction below has led to the entry of a final judgment on all issues which would have been properly raised in an appeal of the post-tow hearing. For this reason, the City contends, *res judicata* should operate to bar Holstein's collateral attack on the constitutionality of the post-tow hearings.

In response to this, Holstein cites authority for the proposition that the doctrine of *res judicata* does not preclude him from pursuing the instant action. Holstein argues that a court will not give *res judicata* effect to judgments that "do not provide the parties with an adequate opportunity to litigate the issues." *See, Buckhalter v. Pepsi–Cola General Bottlers, Inc.,* 820 F.2d 892 (7th Cir.1987). However, this court does not agree with that assertion in this context.

Holstein may feel that the post-tow hearing he was given did not afford him an adequate opportunity to litigate the validity of his tow. However, such an opportunity to litigate is clearly provided in the process of administrative review in state court, of which Holstein did not properly avail himself. It was precisely this inaction on Holstein's part which doomed his post-tow hearing decision to finality to begin with. Even if the post-tow hearing was inadequate, the process of review in the state court would remedy any such deficiencies by giving appellants their "day in court." Holstein will not be heard to complain that he was not afforded an adequate opportunity to litigate his issues after having foregone an appeal *in the proper forum.*

■ Finally, Holstein has proffered the argument that this court should not give *res judicata* effect to the post-tow hearing because that judgment is "void *ab initio.*" *See, Pedigo v. Johnson,* 130 Ill.App.3d 392, 85 Ill.Dec. 702, 474 N.E.2d 430. Holstein contends, *inter alia,* that the post-tow hearing decision is void because unconstitutional (because conducted without authority), and proceeds to attempt to illustrate this alleged unconstitutionality before this court. Thus, Holstein attempts to force this court into deciding the merits of his claim—the constitutionality of City's post-tow hearings—by including them as something which must be overcome in order to dismiss the claim. However, this court need not—and will not—reach the merits of Holstein's claim of unconstitutionality in dismissing it.

■ A void judgment is one that, from its inception, is a complete nullity and without legal effect. *Id.* at 395, 474 N.E.2d 430, 432. Furthermore, although Holstein at no point offers the following proposition, it has been held that an agency's order that is void may be attacked at any time and in any court either directly or collaterally. *Id.* (citing *City of Chicago v. Fair Employment Practices Comm.,* 65 Ill.2d 108, 112, 2 Ill.Dec. 711, 712, 357 N.E.2d 1154, 1155 (1976)). However, the word "void" is interpreted in several different ways, and in this case its proper interpretation does Holstein little good.

■ The word "void" is often ambiguous, and it may mean a complete nullity, or it may mean only susceptible of being held to be a nullity. Thus, the word has various meanings and has been applied to that which has no legal effect and is an absolute nullity, and to that which, by reason of some inherent vice or defect, may be adjudged void by a court when the question is presented to it. *Pedigo* at 396, 474 N.E.2d 430, 433. The court finds that this latter

category is applicable in the instant case. *Pedigo* addressed the interpretation of the word "void" in "cases in which the individual subjected to agency action has ample opportunity to protect himself both at the hearing and on review." *Id.* at 397, 474 N.E.2d 430, 433. That court determined that the latter interpretation was appropriate. "If used with respect to individuals, who are capable of protecting themselves, [the word void] will often be interpreted as voidable only." *Id.* Thus, this suggests that the very existence of a process of administrative review indicates that even in the best light, Holstein's claim must be read as asserting that the post-tow hearing decision is only "susceptible of being held a nullity." Thus, the defendants argument that *res judicata* does not apply because the judgment rendered at the post tow hearing at issue was void on its face, is rejected.

 Moreover, it seems apparent that this court could not find the administrative decision void *ab initio* on a collateral attack. As noted above, review of decisions made in the post-tow hearings is the same as that for any administrative review action. The proper vehicle for such administrative review is a common law *certiorari* action in state court. Hence, the state court's review process presented Holstein with the "opportunity to protect himself" from enforcement of an allegedly voidable administrative decision. A direct attack on the validity of an administrative decision is clearly the mechanism that Illinois has chosen to protect individuals from decisions which lack legal validity. Such a direct attack may only be brought in state court in an administrative review action. Hence, even a collateral attack on the administrative hearing challenging it as void *ab initio* has no place in this court given the doctrine of *res judicata*.

This holding is in keeping with the policies underpinning the doctrine. *Res judicata* is premised on the notion that the law affords every man his day in court along with the opportunity to present his case on the issues involved. *Pedigo* at 395, 474 N.E.2d 430, 433. Holstein was given just

such an opportunity; however, this opportunity comes with an obligation. "It also requires him to bring forth all grounds of recovery or defense that he has." *Id.* By failing both to avail himself of this opportunity and to fulfill his obligation to properly and fully litigate his case below, Holstein has allowed the decision reached at the post-tow hearing to become final through the operation of a six-month time limit for filing *certiorari* actions. His argument that the decision is void—raised for the first time here—cannot be used to allow him to skirt around the very mechanism which is in place to protect him from such allegedly void administrative decisions.

Accordingly, because Holstein has waived his right to common law *certiorari*, and is barred by *res judicata* from bringing his claim before this court in a collateral attack, Count III must be dismissed with prejudice.

### CONCLUSION

For the aforementioned reasons, the court grants defendant's motion for dismissal as to Counts I, II, and III of plaintiff's First Amended Complaint.