**Robert HOLSTEIN, et al., Plaintiffs,**

**v.**

**CITY OF CHICAGO, Defendant.**

**No. 91 C 5458.**

United States District Court,
N.D. Illinois, E.D.

June 2, 1993.

---

**148**

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

Plaintiffs Robert Holstein ("Holstein"), individually, and Brian Grove ("Grove"), individually and on behalf of others similarly situated, brought suit against defendant City of Chicago ("City") for towing cars pursuant to Chicago Municipal Code 9–92–030 ("towing ordinance"). In their First Amended Complaint, plaintiffs sought, *inter alia,* a declaration that the ordinance and post-tow hearing procedure in Chicago Municipal Code 9–92–080 ("hearing procedure"), are constitutionally invalid.[1] In Counts I and III, Grove and Holstein, respectively, alleged that the towing ordinance was unconstitutional because it allowed the City to tow cars arbitrarily. In Count II, Grove also alleged that the hearing procedure failed to comport with due process. On September 29, 1992, the court granted the City's motion to dismiss Counts I–III of plaintiff's First Amended Complaint. Plaintiffs now move the court

to reconsider its September 29, 1992 Memorandum Opinion and Order ("September Opinion").

### Motion to Reconsider

Motions for reconsideration are not a matter of routine practice in this jurisdiction. *Settino v. City of Chicago,* 642 F.Supp. 755, 759 (N.D.Ill.1986). Nor are they authorized under the Federal Rules of Civil Procedure. *National Union Fire Ins. Co. of Pittsburgh v. Continental Ill. Corp.,* 116 F.R.D. 252, 253 (N.D.Ill.1987). However, this district has consistently held that such motions are appropriate under rare circumstances such as "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983)). A motion to reconsider may also be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Above the Belt,* 99 F.R.D. at 101. In short, a motion to reconsider will not be granted where "counsel's memorandum has simply rehashed the same arguments advanced in the original briefing and found inadequate by th[e] Court." *Settino,* 642 F.Supp. at 760.

### Discussion

It is clear that plaintiffs have cited no new facts or law which would provide a basis for reconsideration.[2] As the City correctly notes, plaintiffs are merely advancing the same arguments which were considered and rejected by the court in its September Opinion. First, plaintiffs insist that because Grove purports to represent a class, his claims survive in spite of the fact that the City admitted error in towing his car and agreed to refund his towing fees. (Plaintiffs' Motion for Reconsideration) ("Motion"), pp. 4–7). The court previously considered plaintiffs' argument that the invalidation and re-

---

1. Plaintiffs' First Amended Complaint originally contained six Counts. Subsequently, the parties arranged for the settlement and dismissal of Counts IV–VI.

2. The facts of this case are set out in detail in the court's September Opinion, and will not be repeated here. *See Holstein v. City of Chicago,* 803 F.Supp. 205, 207–08 (N.D.Ill.1992).

fund by the City could not force Grove out of his representative position. Significantly, the court rejected this argument after noting that no class existed at the time the towing determinations were invalidated and that no motion for certification was currently pending. Moreover, the court concluded that Grove had no injury because he had effectively been "made whole" by the towing invalidation and eventual refund. Therefore, Counts I and II were dismissed for lack of subject matter jurisdiction. *Holstein v. City of Chicago*, 803 F.Supp. 205, 209–10 (N.D.Ill. 1992).

Plaintiffs' arguments regarding waiver and *res judicata* were also considered and rejected in the September Opinion. Yet, plaintiffs contend, once again, that there was no waiver because Holstein did not voluntarily relinquish a known right. (Motion, p. 7). Additionally, plaintiffs claim that there was no *res judicata* effect because the post-tow scheme was void, and thus, subject to collateral attack. (Motion, pp. 7–9). Clearly, in reaching the conclusion that Holstein's claims were, in fact, barred by waiver and *res judicata*, the court rejected the very arguments that plaintiffs raise in support of reconsideration. For example, the court specifically noted Holstein's failure to raise his claims in state court and concluded that "[b]y ignoring the proper course of action in appealing an administrative hearing, plaintiff Holstein has waived his right to have his appeal heard." *Holstein*, 803 F.Supp. at 211. Likewise, the court stated that the "argument that *res judicata* does not apply because the judgment rendered at the post tow hearing at issue was void on its face, is rejected." In sum, plaintiffs have merely "rehashed" the same arguments which were advanced in opposition to the motion to dismiss, and have not provided any basis for reconsideration.[3]

### Conclusion

For the foregoing reasons, plaintiffs' motion to reconsider is denied.

---

3. Moreover, the small errors identified by plaintiffs do not suggest that the court "patently mis-

understood" plaintiffs' arguments. (Motion, p. 2 & nn. 3–4).