RIVERDALE INDUSTRIES, INC., Plaintiff-Appellant v. LAWRENCE MALLOY, Defendant-Appellee.

First District (4th Division)    No. 1—98—4340

Opinion filed August 19, 1999.

Roddy, Power, Leahy, Guill, Zima & Gifford, of Chicago (Stephen J. Klyczek, of counsel), for appellant.

Frank A. Hauenschild, of South Holland, for appellee.

PRESIDING JUSTICE SOUTH delivered the opinion of the court:

Plaintiff, Riverdale Industries, Inc. (Riverdale), filed this action for fraud against defendant, Lawrence Malloy, in the circuit court of Cook County seeking to vacate as fraudulent a workers' compensation award granted by the Illinois Industrial Commission (Commission). Defendant filed a motion to dismiss the complaint pursuant to sections 2—615 and 2—619(a)(4) of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619(a)(4) (West 1992)). After a hearing, the court granted defendant's motion, finding that plaintiff's cause of action was barred by the doctrine of *res judicata* because plaintiff failed to seek timely administrative review of the Commission's decision.

Lawrence Malloy is an employee of Riverdale. On December 17, 1991, defendant filed an application for an adjustment of claim with the Commission. The claim was based on a work-related injury to defendant's back which occurred on August 17, 1991.

On June 9, 1993, defendant filed a second application for an adjustment of claim with the Commission based on work-related injury to his back, which occurred on May 25, 1993. A hearing was had on defendant's claims on November 27, 1995, and March 6, 1996, before the Commission. During the hearing, plaintiff's counsel attempted to introduce a videotape that allegedly showed defendant participating in vigorous activities, such as taking down a tent and loading a truck during a camping trip in September 1991. The videotape was shot by a private investigator at the direction of plaintiff. At the time of the hearing, plaintiff attempted to admit the tape into evidence to rebut defendant's claims of injury. Plaintiff was unable to produce the investigator who recorded the footage and, therefore, could not establish an evidentiary foundation for the tape's admission. The arbitrator denied the videotape's admission into evidence and granted an award

of worker's compensation in favor of defendant. Plaintiff never sought administrative review of the decision.

Approximately two years later, on March 6, 1998, plaintiff filed the instant action. On appeal, plaintiff asserts that it did not seek review of the Commission's decision because the whereabouts of the private investigator were unknown and, therefore, it did not have a basis for an appeal at that time. Further, plaintiff contends that because the videotape is proof that defendant fraudulently obtained worker's compensation, the Commission's decision can be reexamined pursuant to section 19(f) of the Workers' Compensation Act (820 ILCS 305/19(f) (West 1992)). Defendant's response is that plaintiff possessed the videotape, knew of its theory of fraud at the hearing, and therefore waived the right to pursue this action now.

■ ■ Under the doctrine of *res judicata*, a final adjudication on the merits by a court of competent jurisdiction absolutely bars a subsequent action involving the same parties and their privies and the same claim, demand or cause of action. *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 490, 626 N.E.2d 225, 228 (1993). *Res judicata* prohibits repetitive litigation in an effort to obtain judicial economy and to protect litigants from the burden of retrying an identical cause of action with the same party or privy. *Pedigo v. Johnson*, 130 Ill. App. 3d 392, 394, 474 N.E.2d 430, 431 (1985). The doctrine of *res judicata* bars litigation of all issues that were actually decided and all issues that could have been raised and determined because they were properly involved by the subject matter of the earlier action. *City of Rolling Meadows v. National Advertising Co.*, 228 Ill. App. 3d 737, 743, 593 N.E.2d 551, 556 (1991). An unappealed and, therefore, conclusive decision of an administrative agency becomes *res judicata* with respect to a later filed claim based on the same cause of action. *Hughey v. Industrial Comm'n*, 76 Ill. 2d 577, 580, 394 N.E.2d 1164, 1165 (1979). This court reviews the trial court's ruling on a motion to dismiss *de novo* and can affirm on any basis present in the record. *Pryweller v. Cohen*, 282 Ill. App. 3d 899, 907, 668 N.E.2d 1144, 1149 (1996).

■ The instant case involves the same parties and the same subject matter as the earlier action. However, plaintiff attempts to use section 19(f) of the Workers' Compensation Act to circumvent the mandate of the *res judicata* doctrine. Section 19(f) provides in pertinent part:

"The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided." 820 ILCS 305/19(f) (West 1992).

■ Plaintiff relies on *Roadside Auto Body, Inc. v. Miller*, 285 Ill.

App. 3d 105 (1996), to support its argument that this court must review the decision under section 19(f) because defendant committed fraud. In *Roadside*, plaintiffs filed a declaratory judgment action against defendant to vacate a worker's compensation settlement procured by fraud. *Roadside*, 285 Ill. App. 3d at 107-08. At the time the parties entered into the settlement agreement, plaintiffs were unaware of any evidence that defendant committed fraud. *Roadside*, 285 Ill. App. 3d at 110. The court found that because plaintiffs did not learn that defendant fabricated his claim until after the settlement was approved by the Commission and the fraud was the basis for the settlement, then defendant was estopped to argue waiver. *Roadside*, 285 Ill. App. 3d at 112.

Plaintiff argues that defendant committed fraud when he testified falsely about his activities on a 1991 camping trip in the hearing before the arbitrator. However, at the time of the hearing, plaintiff had in its possession alleged videotaped proof of defendant's fraud but was unable to procure a means for the tape's admission due to the absence of the foundational witness, *i.e.*, the private investigator. Plaintiff's argument that its inability to locate the private investigator for approximately 1½ years following the hearing is unavailing in order to establish fraud at this time. Plaintiff had the opportunity to present this evidence in 1996 but was ill-prepared to do so. The facts of this case are distinguishable from *Roadside*; therefore, we find that this exception for fraud is inapplicable.

Based upon the foregoing analysis, the judgment of the circuit court is affirmed.

Affirmed.

HOFFMAN and HALL, JJ., concur.