FOURTH DIVISION
June 30, 2006

No. 1-05-2828

ADAM N. STILLO,

Plaintiff-Appellant,

v.

STATE RETIREMENT SYSTEMS, JUDGES
RETIREMENT SYSTEM OF ILLINOIS and
THE BOARD OF TRUSTEES OF THE JUDGES
RETIREMENT SYSTEM OF ILLINOIS,

Defendants-Appellees.

Appeal from the
Circuit Court of
Cook County.

No. 04CH20262

The Honorable
Martin S. Agran,
Judge Presiding.

JUSTICE GREIMAN delivered the opinion of the court

In the trial court, plaintiff Adam N. Stillo sought administrative review of a decision of defendant the Board of Trustees of the Judges' Retirement System of Illinois the Board that plaintiff was not entitled to a refund of contributions he made to the Judges' Retirement System in the amount of 83,938.22 on the grounds that the claim was waived when plaintiff had not raised it in previous proceedings on the same issue before the Board. On review, the circuit court upheld the Board's decision, holding that plaintiff's cause of action was barred by res judicata. On appeal, plaintiff contends 1 that the cause of action was not barred by res judicata, and 2 that he did not waive his claim for a refund.

Plaintiff was a magistrate judge and then a circuit court judge in the circuit court of Cook County from 1964 to 1988. During that time, he made contributions of 107,534.83 to the Judge's Retirement System of Illinois the System. Between his August 1, 1988, retirement and July 31, 1994, the System paid plaintiff a total of $438,598.62 in benefits. In 1991, plaintiff was indicted on federal felony charges of racketeering and extortion conspiracy arising from activities during his tenure as a judge. Upon his 1994 conviction and sentencing on those charges, the System terminated his pension

1-05-2828

benefits pursuant to section 18-163 of the Illinois Pension Code  40 ILCS 5 18-163 West 1994  , which requires that all benefit payments cease upon a member's conviction and sentencing for a felony arising out of acts committed during the performance of the member's official duties.  Plaintiff then filed a complaint asking the circuit court to enjoin termination of his pension benefits until such time as a due process hearing could be held. The circuit court dismissed that complaint when the Board scheduled a hearing to consider plaintiff's case for August 26, 1994. Following that hearing, the Board entered an order terminating all of plaintiff's benefits as of July 11, 1994—the date of his conviction—and finding that the System had properly terminated his benefits.

Plaintiff filed a complaint in the circuit court on October 28, 1994, seeking administrative review of the Board's decision.  In his complaint, plaintiff alleged that his benefits should not terminate until he exhausted his appeals of his criminal conviction and that he and his wife were entitled to a hearing before the pension benefits could be suspended.  Within that complaint, he alleged that the System owed him $83,938.22, a figure he reached by subtracting $21,279.93—the amount he was paid from 1988 through 1994 from his annuity—from the $104,574.95 he contributed to the system.  The circuit court denied the petition for administrative review on November 24, 1997. This court affirmed.  See Stillo v. State Retirement System, 305 Ill. App. 3d 1003  1999 . Plaintiff petitioned for a rehearing, which this court denied.  The Illinois Supreme Court and the United States Supreme Court denied plaintiff's petitions for leave to appeal and for certiorari.  See Stillo v. State Retirement Systems, 186 Ill. 2d 590  1999   Stillo v. Illinois State Retirement System, 529 U.S. 1069, 146 L. Ed. 2d 485, 120 S. Ct. 1677  2000 .

Subsequently, the Illinois Supreme Court issued its decision in Shields v. Judges' Retirement System of Illinois, 204 Ill. 2d 488  2003 . In Shields, the court held that a former judge

whose pension benefits had been terminated following a felony conviction was entitled to a full refund of all contributions he made to the System. One month later, plaintiff wrote to the Board citing Shields and asking for a refund of 83,938.22.

After seeking and receiving an advisory opinion from the Office of the Attorney General, the Board denied the request based upon plaintiff's failure to challenge the method by which the Board calculated the refund he may have been owed in the 1994 proceeding. The Board deemed that issue waived and informed plaintiff of its administrative decision in a letter dated November 4, 2004.

Plaintiff filed a complaint for administrative review of the Board's decision on December 7, 2004, and sought a refund of 83,938.22. The circuit court issued a decision on August 3, 2005, affirming the Board's denial of plaintiff's request for a refund, finding that the cause of action was barred by the doctrine of res judicata. Plaintiff filed a notice of appeal on August 29, 2005.

On appeal, we will review an administrative agency's decision rather than the circuit court's determination. Village of Oak Park v. Village of Oak Park Firefighters Pension Board, 362 Ill. App. 3d 357, 365 2005 . Because the facts of plaintiff's case were not in dispute before the Board, its determination that he had waived his request for a refund involves a matter of law. Citizens Utilities Co. of Illinois v. Gentex-Winston Corp., 185 Ill. App. 3d 610, 613 1989 . An administrative agency's findings on a question of law are reviewed de novo. Branson v. Department of Revenue, 168 Ill. 2d 247, 254 1995 .

First, plaintiff contends that his cause of action is not barred by the doctrine of res judicata. The doctrine of *res judicata* mandates that a final judgment on the merits of a case rendered by a court of competent jurisdiction is an absolute bar to future suits between the same parties regarding the same "claim, demand or cause of action." Riverdale Industries Inc. v. Malloy, 307

Ill. App. 3d 183, 185 (1999). *Res judicata* serves as a bar to litigation of all issues that were actually decided and "all *issues that could have been raised and determined* because they were properly involved by the subject matter of the earlier action." (Emphasis added.) Riverdale Industries, 307 Ill. App. 3d at 185. To determine whether a second suit constitutes the same cause of action as a previous suit for *res judicata* purposes, we look to the "transactional test," which asks whether the subsequent action arises from the same set of operative facts as the original action. River Park Inc. v. City of Highland Park, 184 Ill. 2d 290, 309 (1998). Therefore, in determining whether two suits are the same cause of action under *res judicata*, we look at the facts that give rise to the claim for relief, not only those facts which support the decision in the first action. River Park, 184 Ill. 2d at 309-10. " ' " '[T]he assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief.' " ' " River Park, 184 Ill. 2d at 307, quoting Rodgers v. St. Mary's Hospital, 149 Ill. 2d 302, 312 (1992), quoting Pfeiffer v. William Wrigley Jr. Co., 139 Ill. App. 3d 320, 323 (1985), quoting Baird & Warner, Inc. v. Addison Industrial Park, Inc., 70 Ill. App. 3d 59, 64 (1979).

In support of his contention, plaintiff distinguishes the case at bar from Bagnola v. SmithKline Beecham Clinical Laboratories, 333 Ill. App. 3d 711 2002 , and River Park. In Bagnola, this court ruled that a discharged police officer's claims against a laboratory and the city for spoliation of evidence were barred by *res judicata* because the court had previously rejected the same arguments in a prior court action dealing with a challenge to the officer's discharge.

In River Park, the Supreme Court of Illinois held that state law claims for tortious interference

with business expectancy, breach of implied contract, and abuse of governmental power arising from the defendant's failure to act on the plaintiff's land-rezoning petition were barred by *res judicata* because a federal district court and the Seventh Circuit Court of Appeals had previously dismissed the plaintiff's 1983 42 U.S.C. § 1983 1994 claim, which also arose from the defendant's failure to act on the rezoning petition. In deciding *River Park*, the supreme court explicitly adopted the Second Restatement of Judgments test see Restatement Second of Judgments § 24, Comment a, at 197 1982 , commonly known as the "transactional test," for determining whether a second suit constitutes the same cause of action for *res judicata* purposes. The court noted that this was a liberal standard, meant to promote judicial economy by barring all claims and theories of relief actually brought in a prior action upon which a valid final judgment was rendered, as well as barring all of those claims or theories that *could or should have been brought* as part of that prior action. The court found in *River Park* that although the plaintiff asserted different theories of relief in the subsequent state action, the case was barred because both the federal and state claims arose from the same underlying facts—i.e., the defendant's failure to act on the rezoning petition.

Plaintiff asserts that the case at bar is distinguishable from *Bagnola* because in that case a court had already explicitly rejected the arguments raised by the plaintiff, whereas in the instant case, the court never explicitly addressed whether the Board had properly calculated any refunds plaintiff may have been owed. Plaintiff misapprehends both the holding in *Bagnola* and the requirements of the doctrine of *res judicata*. In *Bagnola*, the court did not hold that *only* those arguments that the court had explicitly rejected in prior court actions between the same parties were barred by *res judicata*. Rather, the court wrote, " e stoppel by judgment has broad preclusive effect and issues actually raised, as well as issues that could have been raised, in the first proceeding may not be relitigated in a subsequent proceeding." *Bagnola*, 333

I-05-2828

Ill. App. 3d at 717, citing Osborne v. Kelly, 207 Ill. App. 3d 488, 491 1991 . The court further noted that the policies underlying res judicata "include     promoting judicial economy by disposition of all claims based upon a common core of operative facts in a single action." Bagnola, 333 Ill. App. 3d at 718, citing Osborne, 207 Ill. App. 3d at 491. Therefore, while the Bagnola court barred the subsequent case based on the fact that the arguments in question had already been litigated between the parties in a prior case, it did not establish a rule that res judicata only bars those causes of action that have already come before a court and been rejected.

Furthermore, contrary to plaintiff's assertion, the case at bar presents a nearly identical situation to River Park. While plaintiff here asserts a different theory under which he seeks the return of a portion of his pension contributions  now challenging the method of calculation of the refund, whereas previously he contended that he was entitled to a continuation of benefits until his appeals were exhausted , the underlying set of operative facts is identical in both cases. As the court determined in River Park, if plaintiff wanted to challenge the method of calculation of his refund, he should have raised that issue in his 1994 appeal. The issue of whether plaintiff did, as he contends, actually raise that issue in the 1994 action is discussed below. Res judicata clearly bars the present case.

Plaintiff's second contention is that he did challenge the method by which the Board calculated the amount of refunds he was owed by demanding a refund of   83,938.22 in the 1994 action and therefore did not waive that issue. This mischaracterizes the nature of the 1994 proceedings. Before the trial court in the earlier proceeding, plaintiff did mention that he believed   83,938.22 was "due and owing" to him from his contributions to the System. Specifically, his complaint stated

"J. From 1988 through 1994, the plaintiff-appellant, Adam N. Stillo, was paid 21,279.93 from the annuity cost of   44,182.65

K. Subtracting 21,279.93 from 44,182.65 results in a net balance of 2,902.72 available for distribution to Adam N. Stillo.

L. Page one of the administrative agency's opinion indicates that Adam N. Stillo contributed 104,574.95 to the retirement system and has been repaid 21,279.93, with the difference being 83,938.22, which is the amount that would be due and owing Adam N. Stillo Adam N. Stillo does not owe the Judges' Retirement System of Illinois the sum of 4,483.43."

However, as defendant notes, it appears that defendant made no legal argument before the Board or the circuit court that he was entitled to a refund of his contributions nor did plaintiff explicitly challenge the method by which the Board determined that it had overpaid him the amount 4,483.43. On appeal, defendant again did not raise the issue of the amount of refund to which he was entitled, contending only that he was "entitled to a presuspension hearing before his pension benefits were suspended and that his pension benefits should not have been terminated prior to exhaustion of his appeal of his criminal conviction." _Stillo_, 305 Ill. App. 3d at 1004. The simple statement that he believed 83,938.22 was "due and owing" is not sufficient to preserve the issue of the method of calculation. " 'Bare contentions in the absence of argument or citation of authority do not merit consideration on appeal and are deemed waived.' " _Schultz v. Lakewood Electric Corp._, 362 Ill. App. 3d 716, 721 2005 , quoting _Obert v. Saville_, 253 Ill. App. 3d 677, 682 1993 . In deciding that plaintiff was not owed any refunds in 1994, the Board acted consistently with the way the Pension Code was construed at the time. It did not address other methods of calculating any refunds plaintiff may have been owed because the plaintiff did not raise the issue.

Accordingly, we find that, in addition to plaintiff's action being barred by the doctrine of _res judicata_,

1-05-2828

the Board correctly determined that plaintiff waived his current request for a refund of his contributions to the System by failing to address the method of calculation on administrative review or appeal of the 1994 Board decision.

For the above-stated reasons, we affirm the judgment of the circuit court of Cook County that upheld the decision of the Board.

Affirmed.

QUINN, P.J., and MURPHY, J., concur.