FIFTH DIVISION
July 28, 2006

No. 1-05-3027

| | | |
|---|---|---|
| THOMAS MALONEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE EMPLOYEE'S RETIREMENT SYSTEM | ) | No. 04 CH 19567 |
| OF ILLINOIS, JUDGES' RETIREMENT | ) | |
| SYSTEM OF ILLINOIS, ROBERT V. KNOX, | ) | |
| Executive Secretary of the Judges' Retirement | ) | |
| System of Illinois, THE BOARD OF TRUSTEES | ) | |
| OF THE JUDGES' RETIREMENT SYSTEM OF | ) | |
| ILLINOIS, LISA MADIGAN, Attorney General | ) | |
| of Illinois, and RUDY J. KINK, Deputy Director, | ) | |
| Judges' Retirement System, | ) | Honorable |
| | ) | David R. Donnersberger, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE O'BRIEN delivered the opinion of the court:

Defendants appeal the order of the circuit court requiring the Board of Trustees of the Judges' Retirement System of Illinois (the Board) to refund plaintiff's, Thomas Maloney's, contributions to the Judges' Retirement System of Illinois (the System). Defendants contend that plaintiff waived his claim for a refund. We reverse.

Plaintiff was a judge in the circuit court of Cook County from 1977 until he retired in 1990. In 1993, he was convicted on charges of racketeering, racketeering conspiracy, extortion under color of official right, and obstruction of justice arising from activities during his tenure as a judge. On July 21, 1994, the district court sentenced plaintiff to 189 months in federal prison, where he remains today.

In August 1994, the Board voted to terminate plaintiff's pension benefits pursuant

No. 1-05-3027

to section 18-163 of the Illinois Pension Code (40 ILCS 5/18-163 (West 1994)), which requires that all benefit payments cease upon a member's conviction and sentencing for a felony arising out of acts committed during the performance of the member's official duties. The Board also determined that since plaintiff had received a check for the full month of July 1994, there was an overpayment in the amount of $1,378.12 for the period from July 21, 1994 (the date of sentencing), through July 31, 1994. The Board directed the System to collect the overpayment.

In November 1994, and in March and April 1995, the manager of the System, Rudy Kink, sent plaintiff letters asking him to return the overpayment to the System. In May 1995, plaintiff responded that he had appealed his conviction and asked the System to hold its repayment demand in abeyance. Mr. Kink agreed and asked plaintiff to advise the System every six months of the status of his appeal.

In December 1995, plaintiff notified Mr. Kink that the United States Court of Appeals for the Seventh Circuit had affirmed his convictions, but that he planned to file a petition for rehearing. In May 1996, plaintiff notified Mr. Kink that the rehearing petition had been denied and that he planned to ask the United States Supreme Court to hear his case. In October 1996, plaintiff informed Mr. Kink that the United States Supreme Court denied his petition for a writ of certiorari. In December 1999, plaintiff informed Mr. Kink that the United States Court of Appeals for the Seventh Circuit had further denied him relief. Between December 1999 and June 2003, plaintiff and Mr. Kink corresponded several times regarding the overpayment.

On June 19, 2003, plaintiff wrote a letter to Mr. Kink asking for a refund of his

˘2˘

contributions to the System pursuant to the Illinois Supreme Court decision in Shields v. Judges' Retirement System of Illinois, 204 Ill. 2d 488 (2003). In Shields, the supreme court held that a former judge whose pension benefits had been terminated following a felony conviction was entitled to a full refund of all contributions he made to the System.

Mr. Kink then wrote a memorandum to the Board, detailing plaintiff's request for a refund of his contributions to the System. Mr. Kink noted that plaintiff had received $162,340.08 in benefits and made contributions in the amount of $72,854.78. Mr. Kink also noted that plaintiff did not request a refund of his contributions when he appealed his pension termination to the Board. Additionally, Mr. Kink stated that there was no indication of any court review after the Board terminated plaintiff's benefits.

At its regular meeting on August 1, 2003, the Board referred plaintiff's request for a refund to the Illinois Attorney General for review in light of the Shields decision.

In September 2004, Senior Assistant Attorney General and Chief of the Opinions Bureau, Lynn Patton, sent Mr. Kink an informal opinion stating in relevant part:

"[Plaintiff] retired from the bench in 1990 and began receiving benefits from the System immediately thereafter. In 1994, [plaintiff] was convicted of a service-related felony. The [Board] conducted a hearing on August 26, 1994, and entered an order terminating [plaintiff's] benefits effective July 21, 1994, the date upon which he was sentenced. Because the retirement benefits received by [plaintiff] prior to termination exceeded the amount of his contributions to the System, no refund was ordered. According to the written decision and order of the Board, [plaintiff] was provided with notice of the hearing, but did not appear or

file any document contesting the termination of his benefits.  Further, there is evidence that a copy of the decision was received by [plaintiff] by mail on or about October 3, 1994.

An action to review the decision of an administrative agency must be initiated pursuant to the provisions of the Administrative Review Law (735 ILCS 5/3-101 et seq. (West 2002)) within 35 days from the date that a copy of the decision sought to be reviewed was served upon a party affected by the decision. 735 ILCS 5/3-103 (West 2002).  Unless a review of an administrative decision is sought within the time and manner provided in the Administrative Review Law, parties to an administrative proceeding are barred from obtaining judicial review of the decision.  735 ILCS 5/3-102 (West 2002); Dopp v. Village of Northbrook, 257 Ill. App. 3d 820, 824 (1993).  There is no indication that [plaintiff] availed himself of the statutory procedure for reviewing the correctness of the administrative decision, including the Board's determination that no refund was due.  It appears, therefore, that [plaintiff] has waived his right to challenge the decision."

At its annual meeting on October 29, 2004, the Board voted to deny plaintiff's request for a refund of contributions because he failed to file an appeal within the 35-day time frame set forth in the Administrative Review Law.  In a letter dated November 3, 2004, Mr. Kink informed plaintiff of the Board's final administrative decision denying his request for a refund of his contributions and of his right to have the decision reviewed in the circuit court.

No. 1-05-3027

On November 23, 2004, plaintiff filed a complaint for administrative review. He sought a judgment for $72,854.78, the total amount he paid into the System, plus costs. On May 25, 2005, the circuit court entered an order in favor of plaintiff, requiring the Board to refund plaintiff his contributions into the System. Defendants filed a motion to reconsider. The circuit court denied the motion, but stayed its decision pending appeal. Defendants then filed this timely appeal.

Section 18-164 of the Illinois Pension Code (40 ILCS 5/18-164 (West 1994)) provides that the Administrative Review Law governs judicial review of final decisions of the Board. On appeal, we review the Board's decision rather than the circuit court's determination. Village of Oak Park v. Village of Oak Park Firefighters Pension Board, 362 Ill. App. 3d 357, 365 (2005). Because the relevant facts of plaintiff's case were not in dispute before the Board, review is de novo. Stillo v. State Retirement Systems, No. 1-05-2828 (June 30, 2006).

The Board contends that plaintiff waived review of his request for a refund by failing to file a timely complaint for administrative review within 35 days of service of the Board's August 1994 decision terminating plaintiff's pension benefits. Plaintiff counters that the Board's August 1994 decision terminated only his pension benefits but did not terminate his right to a refund of his own contributions to the System. Plaintiff contends that the issue of a refund of his own contributions to the System was never litigated before the Board in 1994, and, thus, could not have been the subject of a complaint for administrative review.

Plaintiff's contention is without merit. In 1994, the Board construed the Pension

No. 1-05-3027

Code as requiring a refund of contributions to the System only if such contributions exceeded the retirement benefits received by the plaintiff prior to termination. Since the plaintiff's retirement benefits exceeded his contributions to the System, no refund was ordered; rather, the Board determined that plaintiff had been overpaid an amount of $1,378.12, and it directed the System to collect the overpayment. Thus, the issue of a refund of plaintiff's contributions to the System was intertwined with the issue of his benefits determination such that both issues were properly before the Board and were the subject of its August 1994 decision. As plaintiff failed to file a complaint for administrative review within 35 days of service of the August 1994 decision, judicial review of the decision (including the determination that no refund was due) is barred. See Nudell v. Forest Preserve District of Cook County, 207 Ill. 2d 409, 423 (2003) (the requirement that a complaint be filed within the 35-day limit is jurisdictional, and if a complaint is not timely filed, judicial review of the administrative decision is barred).

Plaintiff argues that Shields compels a different result. As discussed, in Shields, our supreme court held that a former judge whose pension benefits had been terminated following a felony conviction was entitled to a full refund of all contributions he made to the System. In Shields, though, the plaintiff there timely filed his complaint for administrative review of the Board's decision regarding his right to a refund, thereby preserving the issue for judicial review. See Shields, 204 Ill. 2d at 491; Shields v. Judges' Retirement System of Illinois, 329 Ill. App. 3d 27, 30-31 (2001) (the underlying appellate court opinion). In the present case, by contrast, plaintiff failed to timely file a complaint for administrative review. Accordingly, judicial review of the decision is

˘6˘

No. 1-05-3027

barred. See our discussion above.

Plaintiff also argues that Finn v. Wetmore, 212 Ill. App. 550 (1918), compels a different result. Finn v. Wetmore is not binding on this court and has no precedential value as it was decided prior to 1935. Sklodowski v. Countrywide Home Loans, Inc., 358 Ill. App. 3d 696, 701 (2005). Further, Finn v. Wetmore is inapposite, as it did not involve the same facts here, specifically, the failure of the plaintiff to file a complaint for administrative review of the Board's decision terminating his pension benefits and denying him a refund of his contributions to the System.

Plaintiff next contends that notice of the August 26, 1994, Board meeting or of the decision terminating his benefits were never sent to him. However, plaintiff's contention is belied by the record. Specifically, the System's executive secretary, Michael Mory, informed the Board at its August 26 meeting that notice had been furnished to plaintiff. In its written decision, the Board states that notice of the hearing had been mailed to plaintiff on July 27. The record on appeal also contains a certificate of service stating that a copy of the August 26 decision was placed in the mail on September 28, 1994, and addressed to plaintiff's home address. Such mailing constituted sufficient service of the decision, such that the 35-day appeal period began to run. See 735 ILCS 5/3-103 (West 1994) (agency decision is deemed to have been served when a copy of the decision is placed in the United States mail, addressed to the party affected by the decision at his last known residence.)

Plaintiff argues that he did not receive any such mailing sent to his home, as he was in prison, having been sentenced on July 21, 1994. Plaintiff does not contend,

~7~

though, that he ever informed the Board of his prison address; therefore, the Board correctly sent the copy of its decision to plaintiff's last known address.

Plaintiff argues for dismissal of the defendants' appeal based on the Board's failure to include in the record the written notice of the August 1994 Board meeting or the certified copy of plaintiff's conviction. An appeal shall be dismissed where the incomplete record renders the appellate court incapable of determining whether the actions of the trial court or the administrative agency were appropriate. See Neylon v. Illinois Racing Board, 66 Ill. App. 3d 621, 623 (1978). In the present case, the record is not so incomplete as to hinder our review. Accordingly, dismissal is not warranted.

Plaintiff also argues that the Board's August 1994 decision did not comply with section 10-50(b) of the Illinois Administrative Procedure Act (5 ILCS 100/10-50(b) (West 1994)), as the decision did not specifically state that it was a final order subject to the Administrative Review Law. (5 ILCS 100/10-50(b) (West 1994) ("All agency orders shall specify whether they are final and subject to the Administrative Review Law").

Plaintiff cites no cases holding that the Board's failure to so comply with section 10-50(b) tolls the time for filing a complaint for administrative review from an order expressly terminating his pension benefits, which order was served upon the plaintiff. We decline to so hold.

For the foregoing reasons, we reverse the circuit court.

Reversed.

GALLAGHER, P.J., and NEVILLE, J., concur.